### MANZ v. COMMONWEALTH.

Court of Appeals of Kentucky.

May 1, 1953.

William F. Threlkeld, Williamstown, for appellant.

J. D. Buckman, Jr., Atty. Gen., and H. D. Reed, Jr., Asst. Atty. Gen., for appellee.

COMBS, Justice.

The appellant, Joseph Manz, was convicted of maliciously shooting and wounding with intent to kill a member of the Kentucky State Police. He appeals from a sentence of 21 years imprisonment.

■ Two of the three grounds relied on for reversal relate to the instructions of the court and remarks by the Commonwealth's Attorney. We find no prejudicial error in either respect. It is also noted no objection was made to the remarks of the Commonwealth's Attorney and the question was not called to the court's attention in the motion and grounds for a new trial. Even if there had been error on this score it would have been waived.

Burns v. Commonwealth, 251 Ky. 35, 64 S.W.2d 423, and Hensley v. Commonwealth, 241 Ky. 367, 43 S.W.2d 996.

The other ground for reversal presents a more serious question and requires a brief summary of the testimony:

On October 4, 1951, the victim of the shooting, Robert Gordon, while on duty as a state policeman in the vicinity of Williamstown, received a report that two boys in a car were shooting at other cars or at a dog. As a result of the report Gordon proceeded to the community of Mason, a short distance away, and set up a road block. Appellant and his brother soon approached in a 1940 Oldsmobile and stopped at the road block. Gordon requested the appellant, who was driving the car, to present his driver's license and also asked him if he had been shooting from the car. While appellant apparently was fumbling for his driver's license Gordon saw a rifle lying on the floor of the car, back of the front seat. He immediately went to the opposite side of the car, opened the door, seized the rifle, and at the same time attempted to remove appellant's brother from the car. The appellant thereupon shot Gordon twice with a pistol which his brother had handed to him out of the glove compartment. A third shot was fired but missed its target. Gordon fell to the highway and appellant and his brother temporarily made their escape, although Gordon emptied his revolver at the retreating automobile.

After appellant was apprehended he admitted in a statement to an agent of the Federal Bureau of Investigation that he had escaped from a jail in New Jersey; that the pistol with which he shot Gordon had been obtained during the burglary of a home; and that he had recently stolen the automobile in which he and his brother were riding at the time of the shooting. The appellant did not testify in his own behalf but his brother's testimony substantiated that of the commonwealth in material respects, differing only about the remarks made by the parties immediately prior to the shooting.

■ The evidence of which appellant complains relates to Gordon's testimony he set up the road block as a result of having received information about the shooting on the highway, and the testimony of the FBI agent of appellant's confession of previous crimes.

The testimony of Gordon concerning information received by him of the shooting on the highway clearly was competent. Although the testimony was not competent to establish that the shooting actually had occurred, it was not introduced for that purpose. It was introduced merely for the purpose of explaining Gordon's actions in setting up the road block. Such testimony falls within a recognized exception to the hearsay rule. Commonwealth v. Stout, 14 Ky.Law Rep. 576; 20 Am.Jur., Evidence, section 454, page 403.

■ The testimony of the FBI agent relating to appellant's confession that he was a fugitive from a New Jersey jail, and that he had stolen the pistol and automobile involved in the shooting, was admitted to show his motive in avoiding arrest. The jury was expressly admonished that this testimony could be considered only on the question of appellant's criminal intent and motive at the time of the shooting. The general rule, of course, is that on the trial of a person for a particular offense, evidence of other crimes ordinarily is not competent. But there are a few exceptions to the rule, the exceptions including although not being limited to, those cases in which testimony of other crimes has bearing on the identity, guilty knowledge, intent or motive of the defendant at the time in question. Thomas v. Commonwealth, 185 Ky. 226, 214 S.W. 929. In the case of Johnson v. Commonwealth, 217 Ky. 565, 290 S.W. 325, cited by counsel for appellant, the court recognized the exceptions to the rule but found the case did not fall within any of exceptions. Also see Bircham v. Commonwealth, Ky., 238 S.W.2d 1008; Waters v. Commonwealth, 250 Ky. 302, 62 S.W.2d 1027; Locke v. Commonwealth, 144 Ky. 232, 137 S.W. 1043; Shorter v. Commonwealth, 248 Ky. 37, 58 S.W.2d 224.

We think the testimony was competent for the purpose for which it was admitted, that is, to show the motive of the appellant in seeking to avoid arrest or interrogation by the officer.

The judgment is affirmed.