George Thomas STALLARD, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 4, 1968.

Stuart Lyon, David Kaplan, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

WILLIAMS, Judge.

Appellant George Thomas Stallard was convicted of the crime of operating a motor vehicle without the owner's consent and sentenced to a term of three years in the penitentiary. He seeks reversal of the judgment of the Jefferson Circuit Court on the following grounds: Insufficiency of the evidence; failure to prove corpus delicti; nonconformity of the proof to the allegations in the indictment; improper voir dire examination; hearsay evidence; and prejudicial remarks of the Commonwealth Attorney in the closing argument.

The indictment charged:

"That on or about the 21st day of August 1967, in Jefferson County, Kentucky, the above named defendant operated a Honda Motorcycle belonging to Edmond Doolin without his knowledge and consent."

The evidence was that a motorcycle had been stolen from Edmond Doolin, and that appellant was apprehended riding a motorcycle which was identified by Doolin as the one stolen from him. Identification was made by comparison of registration numbers on the registration certificate with the registration numbers on the motorcycle.

■ In 1 Wharton, Criminal Law and Procedure, pp. 143–144 (1957), it is stated:

"The phrase 'corpus delicti' means literally the body of the transgression charged, the essence of the crime or offense committed. To establish corpus delicti it is necessary to show the commission of a particular act and its commission by unlawful means.

"The proof of corpus delicti does not include proof as to the identity of the wrongdoer, nor proof that the defendant was the wrongdoer."

The Commonwealth proved that Doolin's motorcycle was stolen and that appellant was arrested while in possession of a motorcycle identified by Doolin as his. Corpus delicti was adequately proven. Further, the proof was that appellant was operating the identified motorcycle without the knowledge and consent of Doolin, which conformed to the allegations of the indictment. Once the Commonwealth proved the motorcycle had been stolen, it was incumbent upon appellant to show that he lawfully came into possession of the motorcycle. His failure to make such a showing is sufficient cause to submit the case to the jury and is sufficient to sustain the verdict against him. Bower v. Commonwealth, Ky., 357 S.W.2d 333 (1962).

■ The indictment contained a second charge which was stricken on motion of appellant after voir dire examination was conducted. Appellant complains that the second charge was mentioned by the Commonwealth Attorney on voir dire examination. However, by agreement, the questions and answers on voir dire were not reported. Consequently, we cannot tell from the record what transpired. Further, since motion to strike was not made until after voir dire examination, mention of the second charge prior to that time was entirely proper.

■ There was testimony that information was received by witnesses regarding the theft, description and identification of the motorcycle which appellant alleges was hearsay and incompetent. Some of the statements made were not objected to, and others do not fall into the classification of hearsay. None of the testimony complained of was introduced to establish the fact that appellant was operating a motor vehicle without the owner's consent. The purpose of the testimony was to establish that the motorcycle had been stolen, that it had been identified, and the manner in which the investigation of the crime was conducted. As such, it fell within a recognized excep-

tion to the hearsay rule. Manz v. Commonwealth, Ky., 257 S.W.2d 581 (1953).

The closing argument of the Commonwealth Attorney was a general denunciation of crime. Although vigorous, it did not reflect upon appellant's past record or touch on matters beyond the scope of the trial. It was not prejudicial. Wilson v. Commonwealth, Ky., 411 S.W.2d 33 (1967).

The judgment is affirmed.

All concur.