Kevin HUGHES, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Supreme Court of Kentucky.

April 30, 1987.

Marie Allison, Asst. Public Advocate, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., Michael L. Harned, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Justice.

Appellant was convicted of first-degree robbery, and his sentence was enhanced as a persistent felony offender.

His sole ground of appeal is that a police officer was permitted to give hearsay testimony which implicated him in the robbery. The officer was asked whether, prior to talking to the victim of the robbery, he attempted an investigation in an effort to learn the identity of the people who committed the robbery. He responded as follows:

"Yes, sir, on the afternoon of the 14th, after I had come to work, I received a telephone call from a lady who stated she did not want to give her name. She lived in the area of 13th and Banklick, and she heard there had been a cutting or a stabbing in the alley that morning. She indicated to me that she heard Shane Holloman and Kevin Hughes stating that they had mugged a man ..."

The officer's testimony concerning what an unidentified caller told him over the telephone was hearsay. The name of the caller was not known. There was no indication of the reliability of her statement, and for all that is known, she may have made the story up to cause trouble for the appellant.

Appellant now stands convicted, in part at least, because of the statement of an unknown person without any showing of the reliability of the statement and without any opportunity of the appellant to cross-examine the person who allegedly implicated him in the crime. This is precisely the situation which the confrontation clauses of the Sixth Amendment to the United States Constitution and Section 11 of the Kentucky Constitution were designed to pre-

vent. *Stewart v. Cowan,* 528 F.2d 79 (6th Cir.1976).

The Commonwealth contends that the testimony of the officer was not intended to prove the guilt of the appellant but merely to show the course of the investigation of the crime, and as such the testimony was an exception to the hearsay rule, citing *Stallard v. Commonwealth,* Ky., 432 S.W.2d 401 (1968); and *Manz v. Commonwealth,* Ky., 257 S.W.2d 581 (1953).

Neither *Manz* nor *Stallard* are in point because the testimony complained of in those cases did not in any way reflect upon the guilt or innocence of the defendant. In this case, the testimony that an unknown person had stated that the appellant and Shane Holloman were overheard, near the place where the robbery occurred, discussing the fact that "they had mugged a man" could be construed by the jury as an admission of guilt by the appellant.

Other evidence, while sufficient to convict, was not overwhelming, and there is a substantial possibility that the result may have been different in this case if the jury had not been allowed to hear the hearsay evidence. *Abernathy v. Commonwealth,* Ky., 439 S.W.2d 949 (1969).

The judgment is reversed for further proceedings not inconsistent with this opinion.

STEPHENS, C.J., LAMBERT, LEIBSON, STEPHENSON and WINTERSHEIMER, JJ., concur.

GANT, J., dissents.