**Major CRANE, Petitioner,**

v.

**Dewey SOWDERS, Respondent.**

**Civ. A. No. C88–0478–L(A).**

United States District Court, W.D. Kentucky, at Louisville.

March 2, 1989.

Frank W. Heft, Jr., Chief Appellate Defender of Jefferson Dist. Public Defender, Louisville, Ky., for petitioner.

Frederic J. Cowan, Atty. Gen., John S. Cillig, Asst. Atty. Gen., Frankfort, Ky., for respondent.

## MEMORANDUM OPINION

ALLEN, Senior District Judge.

This 28 U.S.C. Sec. 2254 petition is before the Court following the determination of the Supreme Court of the United States that there was constitutional error in the trial court's exclusion of certain evidence concerning the circumstances surrounding petitioner's confession. *Crane v. Kentucky*, 476 U.S. 683, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986). The Court remanded to the Commonwealth for a "harmless error" analysis, which was conducted by the Kentucky Supreme Court. In this proceeding, petitioner contends he is incarcerated in violation of his rights under the United States Constitution as a result of the determination of the Kentucky Supreme Court that the error was harmless beyond a reasonable doubt. *Crane v. Commonwealth*, Ky., 726 S.W.2d 302 (1987).

Mr. Crane was charged with the murder of a liquor store attendant in connection with an attempted robbery. There was no physical evidence linking him to the crime. He did, however, give the police a statement in which he claimed that he and his uncle had committed a robbery at the liquor store, and that petitioner had fired a weapon into the air before fleeing. After being informed of petitioner's statement, the uncle gave the police a statement that he had been in the liquor store when petitioner unexpectedly came in and attempted a holdup. The two statements not only differed in significant details, but petitioner's confession was also demonstrably false in a number of respects.

The uncle pleaded guilty and was given a sentence to run concurrently with a sentence he was already serving. He denied the existence of any bargain for his testimony. He testified at petitioner's trial, admitting that he had made certain parts of the prior statement but claiming that he did so under duress, and denying that he had even made other parts of his recorded statement. Also testifying at trial was petitioner's mother, who had given a somewhat ambiguous prior statement to the police. The statement could be read as saying that petitioner had told her he had committed the crime; at trial, she flatly denied that her son had confessed to her that he had shot anyone.

Prior to trial, petitioner sought and was given an opportunity to challenge the voluntariness of his confession. In that proceeding, he presented evidence concerning the circumstances of his interrogation. The trial court ruled that the confession would be admissible. Because of this, the trial court overruled petitioner's request to present to the jury evidence concerning the circumstances surrounding the taking of

the statement. Petitioner took the evidence in question by avowal.

The trial court excluded evidence showing that petitioner, who was sixteen at the time of the interrogation, was questioned for almost two hours in a small windowless room with several police officers present and without any family members or social workers present. The trial court did, however, permit evidence showing that the confession included statements that were demonstrably untrue, including the claimed time of the robbery; petitioner's claim to have used a .357 caliber weapon, when a .32 caliber weapon was actually used; petitioner's claim to have taken money from the store, although none was actually taken; and petitioner's claim that the victim had triggered an alarm resulting in sirens, when the establishment actually had no such alarm system.

Petitioner argues that the test of "harmless error" used by the Kentucky court was constitutionally flawed in that it consisted of an attempt to determine whether the jury's verdict was correct. According to petitioner, this error resulted from the failure of the Kentucky Court to recognize the differences between the state standard and the federal standard. In its opinion, the Kentucky Court cited *Commonwealth v. McIntosh*, Ky., 646 S.W.2d 43 (1983), which states Kentucky's "nonprejudicial error" test. Petitioner contends that Kentucky failed to use the correct test, under which error cannot be considered "harmless" if there is a reasonable possibility that the exclusion of the evidence contributed to the guilty verdict. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The Supreme Court pointed out at 476 U.S. at 689, 106 S.Ct. at 2146 that a rational juror would have questioned why Mr. Crane confessed to the crime if he did not commit it; petitioner argues that the exclusion of the evidence concerning the circumstances surrounding the confession deprived petitioner of the opportunity to answer that question.

Respondent contends that the Kentucky Court's handling of the matter was proper. Respondent points out that the Kentucky Court recited the standard for which petitioner argues in this Court:

> The question here is not whether the jury reached the right result regardless of the error, but whether there is a reasonable possibility that the error might have affected the jury's decision.

*Crane v. Commonwealth*, 726 S.W.2d at 307. Furthermore, respondent contends that this standard was properly applied to reach a determination of harmless error, since the evidence excluded by the trial court was merely cumulative, and the only details that were not otherwise before the jury concerned the dimensions of the interrogation room, the exact length of time of interrogation, and the movement of police officers in and out of the room.

Respondent points to defense counsel's opening statement, which referred to the circumstances surrounding the confession, including both details that entered into evidence and those that did not. Respondent states that the jurors were free to consider these matters, since they were never admonished not to consider them. While we would not be inclined to agree that lack of admonition could convert opening statements into evidence, we need not reach the issue in this case, since the trial judge did give an admonition. The judge explained to the jury that evidence consists of the sworn testimony heard from the witness stand [T.E. 3], and further specifically admonished the jury as follows:

> The opening statements ... are not evidence. They are attempts of counsel to tell you that which is to follow—the evidence which they believe will be presented for your consideration.

[T.E. 5]. Indeed, if the appearance of the defense theory and promise of evidence in the opening statement has any significance at all, it must weigh against the respondent, since it could serve to intensify the jury's focus on the very question Mr. Crane contends he was subsequently prohibited from answering.

The Kentucky Supreme Court examined the specific information excluded by the trial court's ruling, and concluded as follows:

In view of the incriminatory testimony of appellant's uncle and mother, it is inconceivable to us that the jury would have reached any other result in this case had they had the additional testimony concerning the exact length of time appellant was questioned; the exact size of the office where the questioning took place; that none of his family was present, although efforts were made to secure their presence; that appellant was provided with soft drinks, etc. was questioned in a conversational tone; and treated well by the officers.

It is our view that beyond a reasonable doubt there is no reasonable possibility the verdict of the jury would have been different had the erroneous exclusion of evidence not occurred.

*Crane v. Commonwealth, supra*, at 307.

Respectfully, this Court disagrees. There is no question that the evidence most valuable to the prosecution was the confession of the petitioner. All other pieces of evidence against petitioner were insufficiently substantial to stand alone, whether because of ambiguity or questionable credibility. Only with the supporting framework of Mr. Crane's confession could these other components be successfully utilized. It necessarily follows that any circumstances that could cast doubt on the accuracy of Mr. Crane's statement could affect the outcome of the case.

The burden is on the Commonwealth to demonstrate beyond a reasonable doubt that the exclusion did not contribute to the guilty verdict. *Chapman v. California, supra.* We are not prepared to say that the prosecution can never carry its burden by pointing to an overwhelming weight of unrelated evidence. In this case, however, where the excluded avowal testimony was offered in order to cast doubt on the credibility of the linchpin of the case, the Commonwealth can carry its burden only by showing that the evidence was otherwise available to the jury. For two reasons, we do not believe this to be the case.

First, as pointed out by Justice Leibson in his dissent to the opinion of the Kentucky Supreme Court, it is not sufficient for the Commonwealth to show that the information contained in the excluded avowal testimony was otherwise before the jury; the Commonwealth must also show that it was elsewhere presented "in an equally comprehensible form." *Crane v. Commonwealth, supra*, at 308. The information that the Commonwealth claims was otherwise available to the jury is scattered in fragment pieces throughout the proceedings, in some instances available only by inference. This cannot be said to have been available to the jury in a form equally comprehensible to that offered by petitioner.

Second, jurors do not base their determinations on the bare data presented to them, but are entitled as well to assess the demeanor of the witnesses who present the information. Detective Branham testified before the jury that he talked to petitioner at 7:50 at the Youth Center. He testified on avowal that he arrived at the Youth Center at approximately 7:00 and began talking with petitioner, and that he took a waiver of rights at 7:45. Detective Burbrink testified on avowal that he first encountered Mr. Crane at 5:52. The jury was entitled to observe the demeanor of the officers who described these and other circumstances of the interrogation they conducted. We cannot say that such an observation could have had no effect on the jurors' assessment of the credibility of the confession.

Resolving, as we must, all doubt in favor of petitioner, we must conclude that the error in excluding evidence was not harmless beyond a reasonable doubt. An order in conformity has this day entered.

## JUDGMENT AND WRIT OF HABEAS CORPUS

This matter having come before the Court on petitioner's request for a writ under 28 U.S.C. Sec. 2254, and the Court having entered its memorandum opinion and being advised,

IT IS ORDERED AND ADJUDGED that the application for a writ of habeas corpus is granted conditionally, and respondent shall release petitioner from all custody

resulting from the conviction that is the subject of this petition unless the Commonwealth begins proceedings within sixty (60) days of the date of this order to retry petitioner.

This is a final and appealable order and there is no just cause for delay.