**Major CRANE, Petitioner–Appellee,**

v.

**Dewey SOWDERS, Warden, Respondent–Appellant,**

**Attorney General of Kentucky, Respondent.**

No. 89–5289.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 25, 1989.

Decided Nov. 14, 1989.

Frank W. Heft, Jr. (argued), Office of Jefferson Dist. Public Defender, Louisville, Ky., for petitioner-appellee.

Frederic J. Cowan, Atty. Gen., pro se John Gillig, and Ian G. Sonego, Asst. Attys. Gen., (argued), Office of the Atty. Gen. of Kentucky, Frankfort, Ky., for respondent-appellant and respondent.

Before MERRITT, Chief Judge, and RYAN, Circuit Judge, and PECK, Senior Circuit Judge.

JOHN W. PECK, Senior Circuit Judge.

This appeal is before the court on the issue of whether the trial court's exclusion

of evidence of the circumstances surrounding the appellee's confession, which was received in evidence, was harmless error. Appellee was convicted of murder. After exhausting state appellate procedures, Appellee sought federal habeas corpus relief. The district court concluded that exclusion of the evidence was not harmless error and conditionally granted the writ of habeas corpus. The Commonwealth of Kentucky appealed. Our review indicates that the exclusion of the evidence could have contributed to Crane's conviction. Thus, the error was not harmless beyond a reasonable doubt. Accordingly, we affirm the judgment of the district court.

## FACTS

On August 7, 1981, a clerk at the Keg Liquor store in Louisville, Kentucky, was shot to death during an attempted robbery. The police investigation was impeded by a lack of physical evidence at the scene of the crime. However, a week later, Appellee Major Crane, a sixteen-year-old boy, was arrested in connection with an unrelated robbery. As the police processed Crane on that charge, he began confessing to some recent unsolved crimes. Crane was transferred to the juvenile detention center for further questioning. Prior to and during questioning, Crane was held in a small windowless room for one hour and forty minutes with several police officers without the aid of a lawyer, social worker, or family. Crane made a recorded confession that implicated himself and his uncle in the attempted robbery and murder at Keg Liquor. Crane's confession contained several factual errors including the time of the attempted robbery, the existence of an alarm system at the liquor store, and the caliber of the weapon used. Crane also confessed to other recent crimes which later investigation showed that he did not commit.

After his indictment, Crane moved to suppress his confession on the grounds that it was coerced in violation of the fifth and fourteenth amendments. The court denied the motion. At trial, Crane's counsel promised in her opening statement to show

that the circumstances surrounding the confession made it unreliable. Before any evidence was presented however, the prosecutor made a motion *in limine* to exclude any evidence regarding the circumstances of the confession because it would constitute an attack on the voluntariness of the confession which had already been conclusively determined at the suppression hearing. The trial court's ruling allowed evidence of the inconsistencies in the confession, but barred evidence concerning the length of the detention or the fact that Crane was alone with his interrogators for an extended period. The defense presented the desired testimony by an avowal, a procedure by which excluded evidence is presented outside of the jury's presence and becomes a part of the record for appellate review. The prosecution relied heavily on Crane's confession and prior statements by Crane's mother and uncle implicating him in the crime. At trial, both the mother and uncle denied all or part of their statements. Crane was convicted and sentenced to forty years in prison.

On direct appeal, the Kentucky Supreme Court affirmed his conviction, holding that the exclusion of the evidence was not error because it pertained only to the voluntariness of the confession which had been determined at the suppression hearing. *Crane v. Commonwealth,* 690 S.W.2d 753, 755 (Ky.1985). The United States Supreme Court, however, ruled that exclusion of the evidence was constitutional error because it stripped Crane of the power to present a defense by disabling him from "answering the one question every rational juror needs answered: If the defendant is innocent, why did he previously admit his guilt?" *Crane v. Kentucky,* 476 U.S. 683, 689, 106 S.Ct. 2142, 2146, 90 L.Ed.2d 636 (1986). The Court remanded the case for consideration of whether the error was harmless.

On remand, the Kentucky Supreme Court held the error to be harmless beyond a reasonable doubt. *Crane v. Commonwealth,* 726 S.W.2d 302, 307 (Ky.1987). The court reasoned that the jury heard portions of the excluded evidence from other sources during the trial. This, in addition to the incriminatory statements made

by Crane's mother and uncle, caused the court to conclude "that beyond a reasonable doubt there is no reasonable possibility the verdict of the jury would have been different had the erroneous exclusion of evidence not occurred." *Id.* at 307.

Crane petitioned the district court for habeas corpus relief. The district court rejected the view that the jury could derive sufficient information from the defense opening statement or other testimony to make the exclusion of the avowal testimony harmless error. *Crane v. Sowders,* 708 F.Supp. 163, 166 (W.D.Ky.1989) (mem.). The court stated that where the excluded testimony was offered to cast doubt on the credibility of the linchpin of the case, the State must show that the evidence was before the jury in a "form equally comprehensible to that offered by the petitioner." *Id.* at 166. Furthermore, the court noted that the jurors were denied the opportunity to observe the demeanor of the avowal witnesses, and such observation could affect the jurors' assessment of the credibility of the confession. Thus, the district court concluded that the error was not harmless and conditionally granted the writ of habeas corpus. From this judgment, the State appealed.

## HARMLESS ERROR ANALYSIS

In *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), the Supreme Court formulated the harmless error rule for cases involving federal constitutional error. Declining to find all constitutional errors harmful, the Court nonetheless set a rigorous standard holding that "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Id.* at 24, 87 S.Ct. at 828. Citing an earlier case, the Court stated that in harmless error analysis, "[t]he question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." *Id.* at 23, 87 S.Ct. at 827

(citing *Fahy v. Connecticut,* 375 U.S. 85, 86–87, 84 S.Ct. 229, 230–31, 11 L.Ed.2d 171 (1963)).

The Court gave further definition to the harmless error standard for cases involving limitations of cross-examination in *Delaware v. Van Arsdall,* 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). The Court stated:

Whether such an error is harmless in a particular case depends upon a host of factors, all readily accessible to reviewing courts. These factors include the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case.

*Id.* at 684, 106 S.Ct. at 1438.

In its appeal to this court, the State argues that application of the standards in *Chapman* and *Van Arsdall* mandates the reversal of the district court's ruling that the exclusion of the evidence was not harmless error.[1] The State reiterates its argument that defense counsel detailed many of the circumstances surrounding the confession in her opening statement and that other details could have been gleaned from the testimony presented to the jury. The State urges that although the evidence of the circumstances surrounding the confession was not presented to the jury in the form desired by the defense, the jury had sufficient evidence to consider the credibility of the confession. The State concludes that the avowal evidence would have been merely cumulative, and thus, the error was harmless. We cannot agree.

In making a harmless error determination, we look at all the evidence. *United States v. Crowder,* 719 F.2d 166, 173 (6th Cir.1983), *cert. denied,* 466 U.S. 974, 104

---

1. The State also attempts to distinguish between cases of collateral attack and direct appeal. Other than the comity and federalism customary to federal court review of state court judg-

ments, case law clearly holds that shifting the burden of proof to habeas petitioners has no effect on the standard of review. Accordingly, the argument warrants no further inquiry.

S.Ct. 2352, 80 L.Ed.2d 825 (1984) (in light of all evidence, erroneous instruction was harmless and did not contribute to verdict); *United States v. Butler*, 618 F.2d 411, 421 (6th Cir.1980), *cert. denied sub nom., Butler v. United States*, 447 U.S. 927, 100 S.Ct. 3024, 65 L.Ed.2d 1121 (1980), *cert. denied sub nom., Hyden v. United States*, 449 U.S. 1089 (1981) (government's failure to correct misimpression at time made was harmless error in light of all evidence); *United States v. Cale*, 418 F.2d 897, 899 (6th Cir.1969), *cert. denied*, 397 U.S. 1015, 90 S.Ct. 1250, 25 L.Ed.2d 430 (1970) (even if admission of co-defendant's statement was error, it was harmless beyond a reasonable doubt in light of all evidence). In the present case, Crane's confession was crucial to the State's case. The State conceded this point in oral argument. There was no physical evidence linking Crane to the crime. Aside from Crane's confession, the State's evidence consists of statements of questionable reliability from Crane's mother and uncle. With so little corroborating evidence, a jury might well find it difficult to credit the contested confession of a sixteen-year-old boy who has confessed to crimes he did not commit.

Furthermore, the State's contention that the avowal evidence would have been merely cumulative lacks merit. The State asserts that the defense opening statement detailed the circumstances of the confession for the jury. The concept that opening statements are not evidence is too elemental to deserve discussion. Further, the jury was so instructed. Other fragmented details were strewn throughout the police testimony, but no comprehensive picture of the confession setting was presented to the jury. Considering the importance of Crane's confession to the State's case, the exclusion of evidence bearing on its credibility violates principles of procedural fairness. As Justice O'Connor observed in the earlier appeal of this case: "[A]n essential component of procedural fairness is an opportunity to be heard. (Citations omitted). That opportunity would be an empty one if the State were permitted to exclude competent, reliable evidence bearing on the credibility of a confession when such evidence is central to the defendant's claim of innocence." *Crane v. Kentucky, supra,* at 690.

Thus, considering this case in light of the factors in *Van Arsdall, supra,* the noncumulative nature of the excluded evidence and the weakness of the prosecution's case when considered in light of the evidence of the unreliability of Crane's confession mandate that the error was not harmless. This, in conjunction with the Supreme Court's holding that Crane was deprived of his constitutional right to present a defense, clearly indicates there is a reasonable possibility that the exclusion of the evidence could have contributed to the guilty verdict in violation of the *Chapman* standard. Thus, we conclude that the error was not harmless beyond a reasonable doubt. Accordingly, we affirm the decision of the district court.