902 F.2d 1569
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jonathan T. JOHNSON, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 89-5691.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1990.
 
 1
 Before WELLFORD and BOGGS, Circuit Judges, and HORACE W. GILMORE, District Judge.*
 
 ORDER
 
 2
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This pro se Kentucky prisoner appeals the district court's order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254.
 
 
 4
 Jonathan T. Johnson sought to attack his 1982 jury conviction for wanton murder for which he received a twenty year prison sentence. After fully exhausting his state court remedies, Johnson filed his petition for a writ of habeas corpus raising nine errors allegedly warranting habeas relief. The respondent filed a motion to dismiss the petition. A magistrate recommended that the respondent's motion be granted and the petition dismissed. Despite Johnson's objections, the district court adopted the magistrate's recommendation and dismissed the petition.
 
 
 5
 Johnson raises only one claim on appeal even though he raised nine specific claims in the district court. Issues not raised in the briefs will not be considered by this court unless a manifest injustice would result. See United States v. Anderson, 584 F.2d 849, 853 (6th Cir.1978). We believe no manifest injustice exists under the facts of this case; therefore we do not reach the merits of the other issues. The only issue Johnson raises on appeal is whether the respondent demonstrated that the error caused by the reading of a suppressed statement made by Johnson was harmless beyond a reasonable doubt.
 
 
 6
 Upon review, we conclude the district court properly dismissed the petition as Johnson was not denied a fundamentally fair trial. Webster v. Rees, 729 F.2d 1078, 1079-80 (6th Cir.1984). Moreover, we conclude that, in light of the overwhelming evidence of Johnson's guilt, the innocuous nature of the remark, and the successful efforts of the trial court to maintain that status, the admission of Johnson's suppressed statement was, beyond a reasonable doubt, harmless error. See Chapman v. California, 386 U.S. 18 (1967); Crane v. Sowders, 889 F.2d 715, 717 (6th Cir.1989), cert. denied, 110 S.Ct. 1168 (1990). Because the reading of the suppressed statement did not render the trial fundamentally unfair, Johnson's argument is without merit.
 
 
 7
 Accordingly, the request for appointed counsel is denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation