Keith RUPPEE, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 89–SC–636–MR.

Supreme Court of Kentucky.

May 9, 1991.

Rehearing Denied Feb. 13, 1992.

Julie Namkin, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for appellant.

Frederic J. Cowan, Atty. Gen., Carol C. Ullerich, Asst. Atty. Gen., Crim. Appellate Div., Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment based on a jury verdict which convicted Ruppee of first-degree robbery and sentenced him to 15 years. He was also convicted as a first-degree persistent felony offender and his sentence was enhanced to 35 years in prison.

The questions presented are whether Ruppee was substantially prejudiced and denied his right to confrontation when a police officer was permitted to testify about his investigation; whether it was reversible error to allow the deposition of an absent witness; whether the defendant was denied a fair trial by the prosecutor's opening and closing statements; whether rebuttal testimony offered by the prosecution was reversible; whether the persistent felony offender conviction was proper and whether incompetent and inaccurate evidence was presented at the sentencing phase of the trial.

Evidence at trial indicated that Ruppee, wearing a stocking cap, and a companion entered the convenience market on September 10, 1984, showed the clerk a gun, emptied the cash register and robbed the store.

Ruppee was indicted for first degree robbery and as a persistent felony offender in the first degree. He was first tried and convicted of both charges in March of 1985. A majority of this Court reversed that conviction in 1986. Ruppee was retried and again convicted on both charges in February, 1987 only to have a majority of this Court again reverse the conviction in 1988, 754 S.W.2d 852. His third trial was on June 28, 1989. He was again convicted and this appeal followed.

Ruppee first argues that the trial judge committed reversible error and denied his constitutional right of confrontation when he allowed the prosecutor, over objection, to introduce what Ruppee calls investigative hearsay regarding the officer's search for the stolen money. The police officer testified about information he received from witnesses pertaining to the serial numbers of the stolen one dollar bills and the exchange of some of those bills by the defendant's sister at a local bank. Defense counsel successfully objected to some of the testimony but none of the disputed testimony now challenged on appeal was used to establish the commission of the robbery. The testimony demonstrated that 50 sequential dollar bills were stolen during a robbery and that they were subsequently passed to a bank and that an investigation was undertaken to locate the bills. Such testimony is an exception to the hearsay rule because it did not indicate innocence or guilt and its admission was not error. *Stallard v. Commonwealth*, Ky., 432 S.W.2d 401 (1968); *Manz v. Commonwealth*, Ky., 257 S.W.2d 581 (1953). Unlike *Hughes v. Commonwealth*, Ky., 730 S.W.2d 934 (1987), the proof of defendant's guilt was clearly established by two eye witnesses and was overwhelming.

The testimony was properly admitted under *Sanborn v. Commonwealth*, Ky., 754 S.W.2d 534 (1988) because it "tends to explain the action that was taken by the police officer as a result of this information and the taking of that action is an issue in the case." Ruppee's sister exchanged ten of the stolen dollar bills at a local bank for a roll of quarters. The store keeper who was victim of the robbery gave the range of serial numbers on the stolen bills in order to have police alert banks to watch for the bills. Notification from the bank of the receipt of the ten sequential dollar bills led the police to discuss the matter with the defendant's sister and transport her to the police station where she produced another sequential dollar bill in mint condition.

*Sanborn, supra,* is satisfied because the information led directly to action by police. The other element of *Sanborn* is also satisfied because the central issue of the prosecution and the police investigation was who had committed the robbery. The prosecution and the police are obligated to present a complete case. Therefore any steps taken to locate the stolen money were necessary and relevant to the identity of the robber. The testimony was properly admitted.

The testimony of the store owner was not hearsay. At trial the defendant's only objection to the store owner's testimony was on the grounds of chain of custody when the prosecution introduced into evidence the recovered dollar bills. A new theory of error cannot be presented on appeal. *Wilson v. Commonwealth,* Ky., 601 S.W.2d 280 (1980); RCr 9.22. The store owner's testimony was not hearsay because he testified about his specific conduct in observing the sequential serial numbers and contacting the bank and police. The trial judge properly admitted the testimony.

There was no reversible error or abuse of discretion by the trial judge in determining that a witness was unavailable for trial. A deposition may be used at trial when it appears that the witness is outside the Commonwealth of Kentucky. RCr 7.20. Whether a witness is unavailable for trial pursuant to this rule is to be decided by the trial judge in the exercise of his sound discretion. *Carter v. Commonwealth,* Ky., 782 S.W.2d 597 (1990). The determination by the trial judge will not be reviewed unless the trial judge's decision is clearly unreasonable.

The witness in question resided in Florida at the time of the second trial. The same judge had presided over each of the previous trials. He specifically found that the witness resided outside the State of Kentucky and that she was not available for the third trial. The deposition in question was reliable to the degree required by *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).

Ruppee's citation to cases from other states is not persuasive. In this case the prosecutor satisfied his duty as an officer of the Court. Immediately before reading the deposition, he advised the trial judge that the absent witness still resided in Florida. Although the better practice may have been to place in the record a Florida address, telephone number or place of employment, the defense did not even suggest the witness was available. It was not clearly unreasonable to believe that the witness was outside this state. The trial judge did not abuse his discretion.

Ruppee was not denied a fair trial or his right to confrontation by the opening and closing statement of the prosecutor regarding matters that were not introduced at trial. Ruppee argues that the prosecutor mentioned facts pertaining to Ruppee's sister in his opening statement which he did not prove at trial and then noted the same facts in the closing argument. During opening argument the prosecutor mentioned that the defendant's sister had exchanged ten of the new dollar bills for quarters so that she could do her laundry. In both voir dire and opening statement, defense counsel indicated the sister would testify. In the defense opening remarks, counsel discussed a variety of ways in which the sister may have acquired the stolen dollars. In the earlier trials the prosecution had called her as a witness in 1985 and the defense called her to testify in 1987. As this trial developed, neither side called the sister as a witness. Opening statement by either side is not evidence. *Crane v. Sowders,* 889 F.2d 715 (6th Cir. 1989). It is merely the summary by counsel of what the proof is expected to be. At the most this is a failure of proof on the part of the prosecution. It does not amount to reversible error when viewed in light of defense counsel's own opening comments.

The prosecutor's closing statements were not reversible error. A prosecutor is allowed reasonable latitude in making his closing argument. *Lynem v. Commonwealth,* Ky., 565 S.W.2d 141 (1978). In this situation, the comments by the pros-

ecutor did not exceed the bounds of reasonable latitude. He drew fair inferences from the testimony that had been presented regarding the recovery of the stolen money. The remarks here do not rise to the level of those condemned by this Court in *Sanborn, supra* and *Wager v. Commonwealth*, Ky., 751 S.W.2d 28 (1988). The prosecutor exercised reasonable latitude in presenting both closing and opening arguments. There is no basis for reversal.

■ The trial court did not abuse its discretion by admitting rebuttal testimony from Officer Davis. In reviewing an allegation of abuse of discretion by a trial court this Court must consider both the circumstances surrounding the introduction of the testimony as well as the actual proof introduced. *Gilbert v. Commonwealth*, Ky., 633 S.W.2d 69 (1982). The admission of rebuttal testimony is within the sound discretion of the trial judge. RCr 9.42(e); *Wager, supra.*

■ Here, appellate counsel states that the defense theory of the case at trial was that the identification of Ruppee by two witnesses was based on an overly suggestive photo display. A defense witness was the first person to mention a haircut and give an opinion that the defendant was neat and not "scroungy or unkempt." Accordingly, the prosecution was fully entitled to rebut the opinion that the defendant was freshly groomed and always neat in appearance. *Archer v. Commonwealth*, Ky., 473 S.W.2d 141 (1971). The trial judge permitted Officer Davis to testify because his statement contradicted the defense testimony about the identification issue.

The trial judge admonished the jury that the testimony was introduced only to contradict certain evidence that may have been presented on behalf of the defense during the case-in-chief. A careful examination of the record indicates that throughout the testimony the trial judge correctly restricted the rebuttal testimony to the issue of identification only.

■ Ruppee now argues that the first-degree PFO conviction should be dismissed because the prosecution failed to prove beyond a reasonable doubt that the prior offenses were committed progressively and that he was over the age of 18 at the time his prior felony offenses were committed. Ruppee admits that this question was not properly preserved for appellate review, but claims there was palpable error and a manifest injustice. We do not agree. This matter was not properly preserved for appellate review pursuant to RCr 9.22 and this Court will not grant review under the circumstances. There has been no showing of manifest injustice as required by RCr 10.26 or *Stone v. Commonwealth*, Ky., 456 S.W.2d 43 (1970). The record in Ruppee's first trial in 1985, which is part of the record here pursuant to RCr 12.02 and CR 76.10, indicates that Ruppee was 18 at the time of the prior felony. There is no basis for invoking palpable error because there was no manifest injustice. *Turpin v. Commonwealth*, Ky., 780 S.W.2d 619 at 622 (1989).

Ruppee's final argument regarding his claim of the prosecutor's injection of incompetent and inaccurate evidence during the sentencing phase of the trial is without merit and unconvincing. The penalty phase complied with K.R.S. 532.055.

The judgment of conviction is affirmed.

LAMBERT, REYNOLDS and SPAIN, JJ., concur.

COMBS, J., dissents and files a separate dissenting opinion in which STEPHENS, C.J., and LEIBSON, J., join in part.

COMBS, Justice, dissenting.

Respectfully, I dissent. Firstly, a good deal of the police testimony complained of was inadmissible hearsay. The officer testified that certain numbered dollar bills were (reportedly) stolen during a robbery; and that some of these bills were (reportedly) passed to a bank (reportedly) by the defendant's sister, who also (reportedly) surrendered another of the bills to the police chief. According to the majority, this testimony was admissible because it "did not indicate innocence or guilt" (ante, p. 485). But in another breath the majority defends the prosecutor's claim in closing

argument,[1] that the sister had acquired the money from the defendant, as a "reasonable inference[ ] from the testimony that had been presented regarding the recovery of the stolen money" (ante, p. 6).

If the testimony was indeed not probative of innocence or guilt, it was not only hearsay but was irrelevant and immaterial as well; and allowing the prosecution to introduce new damning evidence by way of closing argument was patently prejudicial error. If on the other hand the testimony did permit reasonable inferences that the defendant had possessed the bills and that these were in fact the stolen bills, it was highly prejudicial, clearly inadmissible hearsay. The evidence was offered, not to prove any police action which was in issue, but to prove the defendant guilty of robbery. *See Sanborn v. Commonwealth,* Ky., 754 S.W.2d 534 (1988). Here, the prosecution and the trial court ignored the law of the case established upon a previous (unpublished) review of this very matter, that such evidence should be introduced through witnesses having firsthand knowledge of the facts.

Secondly, I believe that the deposition of the absent witness was erroneously admitted. KRS 422.150 provides:

> The testimony of any witness taken by a stenographic reporter may, in the discretion of the court in which it is taken, be used as evidence in any subsequent trial of the same issue between the same parties, where the testimony of such witness cannot be procured, but no testimony so taken shall be used in any criminal case without the consent of the defendant.

In my view, this statute prohibits in a criminal case the reading in of prior testimony, including a deposition, without the consent of the accused, and, as a substantive legislative prohibition, transcends RCr 7.22, RCr 7.20, and judicial precedent.

STEPHENS, C.J., and LEIBSON, J., join in this dissenting opinion, solely with respect to the issue of investigative hearsay.

he owed me...." The defense objected, pointing out that the defendant's sister had not testified at all. The prosecutor insisted that the police officer had testified as to her remarks. In fact, the record contains *no* testimony, competent or hearsay, as to how or from whom Ms. Ruppee acquired the bills.

---

**1.** During closing, the prosecutor argued to the jury; "And lo and behold who cashes them but this guy's sister.... [T]his is the one that she gave to the Bellvue Police when they called her in. Where did you get the money? Do you remember that testimony? Where did you get the money? Well, Keith paid me twenty dollars