39 F.3d 1183
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wyllyam SHEFFEY Defendant-Appellant.
 No. 93-4166.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1994.
 
 Before: KEITH, WELLFORD and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-Appellant Wyllyam Sheffey ("Sheffey") appeals the revocation of his supervised release based on errors made by the trial judge. For the reasons stated below, we find no error and AFFIRM the revocation order of the district court.
 
 I. Statement of the Case
 
 2
 Sheffey was found guilty on July 3, 1991, after a jury trial, of two counts of distributing cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1) and conspiracy to distribute a controlled substance in violation of 21 U.S.C. Sec. 846. Sheffey was sentenced to fifteen months incarceration with three years of supervised release. As part of the judgment and conviction order, Sheffey was ordered not to commit another crime and to refrain from further involvement with drugs.
 
 
 3
 On July 31, 1993, Sheffey was arrested by Special Agent Karen McKenna ("Special Agent McKenna") based on his January 11, 1993 sale of $50 worth of crack cocaine to confidential police informant, Kristen Matejka ("Matejka"). Sheffey was notified on August 23, 1993 his supervised release revocation hearing was scheduled for August 31, 1993. At this hearing, District Court Judge Paul R. Matia granted Sheffey's motion to continue the revocation hearing until October 13, 1993, after the state trial. The state trial for distribution of drugs was scheduled to begin on October 5, 1993. However, on that date the state trial was continued until November 9, 1993 based on a motion by the Lake County Prosecutor.
 
 
 4
 On October 13, 1993, Sheffey moved for a second continuance from the district court but this time was denied. The revocation hearing was held, as scheduled, on October 13, 1993. During the hearing Sheffey's attorney requested access to Special Agent McKenna's report of the incident. This request was denied. Sheffey asserts the denial of his access to this information deprived him the right to a fair hearing.
 
 
 5
 Sheffey was permitted to question Special Agent McKenna about the contents of the police report. Special Agent McKenna testified she used the report to refresh her memory only about the exact time of the drug buy. She was able to accurately testify about the rest of the incident without consulting the report. The district court also limited, as being irrelevant, the cross-examination of Officer McKenna about her knowledge of the drug use by Matejka and her family.
 
 
 6
 The district court also limited Sheffey's cross-examination of Matejka. Judge Matia, sitting as the finder of fact, limited the cross-examination because he found it irrelevant and had no bearing on his ability to determine the credibility of the government's witnesses. The attempted cross-examination of Matejka focused on the drug use of her friends and family as well as how much money she was paid to be an informant for the police. While some testimony was limited, Sheffey's attorney was allowed to inquire as to Matejka's own drug use, whether she was using drugs the night she made the buy from Sheffey and whether she had been paid by the government to be an informant.
 
 
 7
 Based on the testimony of Special Agent McKenna and Matejka, Judge Matia found Sheffey violated the terms of his supervised release and sentenced him to eighteen months of incarceration.
 
 II. Discussion
 
 8
 On appeal, Sheffey raises three issues: 1) whether the district court erred by denying Sheffey's motion for a continuance until the completion of his state criminal trial; 2) whether Sheffey's due process rights were violated when the district court: a) refused to allow the Defendant-Appellant access to a police report; and b) limited the Defendant-Appellant's cross examination of the Plaintiff-Appellee's two witnesses; and 3) whether the district court's actions resulted in constructive denial of effective assistance of council.
 
 A. Continuance
 
 9
 Sheffey argues he suffered actual prejudice from the district court's refusal not to postpone his revocation hearing until after his state criminal trial for distribution of drugs. The standard of review for a denial of a motion for a continuance is clear abuse of discretion. United States v. Moreno, 933 F.2d 362, 371 (6th Cir.), cert. denied, sub. nom., Morris v. United States, 112 S.Ct. 265 (1991). The denial of a continuance will amount to a constitutional violation only if there is an unreasonable and arbitrary "insistence upon expeditiousness in the face of a justifiable request for a delay" which results in actual prejudice to the defense. Id. (quoting United States v. Gallo, 763 F.2d 1504, 1523 (6th Cir.1985)). Actual prejudice arises when the denial of a continuance prevents the defendant's counsel from being able to adequately prepare and conduct the case due to inadequate preparation time. Id.
 
 
 10
 Sheffey relies on Inmates Councilmatic Voice v. Rogers, 541 F.2d 633, 635 (6th Cir.1976), which held a parolee may be prejudiced if a federal court does not choose to wait for the disposition of new criminal charges before beginning a revocation hearing. While the denial of a continuance might result in prejudice when a revocation hearing is not continued, prejudice does not necessarily result. The Rogers holding gives the district court the discretion to decide whether a continuance pending the outcome of a criminal trial is warranted when the defendant can show no prejudice.
 
 
 11
 This circuit held, in United States v. Stephenson, 928 F.2d 728, 731 (6th Cir.1991), a district court may find a defendant in violation of his supervised release, based on new criminal conduct, even if "1) a defendant is later found not guilty of the conduct, 2) the criminal charges are later dropped or 3) the guilty verdict is later overturned on appeal." The Stephenson holding demonstrates there is no requirement a district court wait to hold a supervised release revocation hearing until there is a disposition on the new criminal charges.
 
 
 12
 Moreover, Sheffey cannot demonstrate he was prejudiced by the district court's refusal to grant his motion for a continuance. The hearing transcript clearly establishes Sheffey's attorney was well prepared for his defense and was able to actively cross-examine witnesses against Sheffey.
 
 B. District court's evidentiary rulings
 
 13
 Sheffey's second argument is that the district court deprived him of due process by 1) denying him access to police reports and 2) limiting his cross examination of the two government witnesses. While revocation proceedings do not merit the same level of rights due a defendant in a criminal trial, the termination of a parolee's liberty "calls for some orderly process, however informal." Stephenson, 928 F.2d at 732; (quoting Taylor v. United States Parole Comm'n, 734 F.2d 1152, 1155 (6th Cir.1984)).
 
 1. The Police Reports
 
 14
 Sheffey claims the district court violated his due process rights when it refused to give him access to a police report and a drug laboratory test. Sheffey correctly argues he has a right to "disclosure of any evidence against him." Morrissey v. Brewer, 408 U.S. 471, 489 (1972); Stephenson, 928 F.2d at 732; Fed.R.Crim.P. 32.1(1)(2)(B). However, Sheffey's claim that the district court's refusal to give him access to the police report and the laboratory test violated his due process rights is weakened by the fact only one of the two witnesses used the police report to bolster her testimony. Given the overwhelming evidence against Sheffey and the minimal significance of the police reports any error was harmless.
 
 
 15
 A harmless constitutional error is an error that does not rise to the level where the defendant is denied his/her right to a fair trial. Crane v. Sowders, 889 F.2d 715, 717 (6th Cir.1989), cert. denied, 483 U.S. 1094 (1990); ( quoting, Chapman v. California, 386 U.S. 18, 23 (1967)). The harmless error standard was developed to avoid a retrial when it is beyond a reasonable doubt that the error did not contribute in any way to the conviction. Id.
 
 
 16
 Sheffey is unable to show any error by the district court which contributed to the revocation of his supervised release. The argument he was harmed by not being given access to the police report fails because the report was not used in any substantial manner during the revocation hearing. Special Agent McKenna used the police report only to refresh her memory, before testifying, about the exact time of the drug buy and Matejka's testimony was based on what she remembered from the incident and not what she read in the police report. Denial of access to the drug laboratory report did not harm Sheffey because the test was used only as a means of identifying the substance Matejka allegedly purchased from Sheffey. The report was not offered into evidence and the only reference to the testing, by Special Agent McKenna, was that the substance had tested positive as 260 milligrams of crack cocaine.
 
 
 17
 2. Limiting of Sheffey's cross-examination of government witnesses.
 
 
 18
 A defendant must be provided the opportunity to question adverse witnesses in a revocation hearing. Fed.R.Crim.P. 31.1(a)(2)(D); Stephenson, 928 F.2d at 732. Sheffey argues the district court violated his right to due process by limiting his cross-examination of the government's witnesses.
 
 
 19
 Even though Sheffey was prevented from asking questions about the drug habits of Matejka's friends and how much money she made as a police informant, his counsel was afforded the opportunity to confront and cross-examine government witnesses and make inquiries as to their credibility and bias. Sheffey was able to show Matejka had used drugs, was being paid to be an informant, and that she volunteered to become an informant in order to help a drug dependent friend. During the cross-examination of Special Agent McKenna, Sheffey demonstrated that the government had paid Matejka and Special Agent McKenna's knowledge of Matejka's recent drug use was based only on what Matejka told her. Judge Matia was the finder of fact and it was therefore his job, as the finder of fact, to make credibility determinations about the witnesses. Once the district court determined Special Agent McKenna and Matejka were credible witnesses there was no need for testimony about the drug habits of those who were not testifying. Any error committed by the district court in limiting Sheffey's cross-examination after making his credibility determination is at best harmless error.
 
 
 20
 C. Constructive denial of effective assistance of council
 
 
 21
 Finally Sheffey argues he was constructively denied effective assistance of counsel by the actions of the district court. In order to find a constructive denial of the effective assistance of counsel, the circumstances surrounding the representation must be interfered with to such a degree as to violate the sixth amendment. United States v. Cronic, 466 U.S. 648, 662 (1984).
 
 
 22
 In the instant case the district court did not prevent Sheffey's counsel from effectively performing his duties. Sheffey's counsel was able to cross-examine the government's witnesses as to their credibility and bias. He was given an extra month to prepare for the hearing, due to the continuance. He was not denied access to any evidence introduced in court nor was he denied the opportunity to present a case on behalf of Sheffey. Based on the record provided in this case and the case law, Sheffey's claim lacks merit.
 
 III. Conclusion
 
 23
 For the reasons stated above, we AFFIRM the judgment of the Honorable Paul R. Matia, United States District Court Judge for the Northern District of Ohio.
 
 WELLFORD, Circuit Judge, concurring:
 
 24
 I write separately to emphasize my view that the district court committed error in denying defendant's counsel the opportunity to view the police report utilized by the police officer who testified for the government. I am persuaded, however, that under all the circumstances this error was harmless.
 
 
 25
 I have some reservations also about whether the district court's limitation of questioning of the witness Matejka was erroneous. Because the trial judge did permit some questioning about her drug use on the date in question and about her status as a paid informant, I agree with the majority view in this regard.
 
 
 26
 Accordingly, I concur in the decision to affirm.