**Chester Edward VAN DYKE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

April 10, 1979.

Rehearing Denied July 3, 1979.

Terrence R. Fitzgerald, Deputy Public Defender, Daniel T. Goyette, Jefferson Dist. Public Defender, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

LUKOWSKY, Justice.

Van Dyke was convicted of one count of burglary in the first-degree, KRS 511.020, two counts of rape in the first-degree, KRS 510.040, and one count of sodomy in the first-degree, KRS 510.070. He was sentenced to ten (10) years' imprisonment on each count. These sentences are to be served consecutively except that the rape sentences are to be served concurrently with each other. He appeals. We affirm.

A few minutes after seven o'clock on the morning of February 14, 1978, Van Dyke embarked on a course of conduct designed to gratify his sexual desires through the use of force and violence. Within a period of approximately fifteen minutes he:

1. Broke down the doors and entered the apartment in which Mrs. Lyles and her four-year-old son lived.

2. Struck Mrs. Lyles in the face, shoved her to the floor of the bedroom, threw her on the bed and threatened to kill her and her son in the event she did not comply with his sexual demands.

3. Engaged in sexual intercourse with Mrs. Lyles on the floor for three to five minutes.

4. Engaged in deviate sexual intercourse (fellatio) with her for approximately two minutes.

5. Engaged in sexual intercourse with her on the bed for four to five minutes.

At this point the police arrived and took him into custody.

Van Dyke contends that the two convictions of rape and the conviction of sodomy should be merged into a single conviction of rape because all of the offenses occurred during one continuous sexual assault against the same victim. We do not agree.

The evidence clearly discloses that Van Dyke committed three distinct offenses —rape, sodomy and a second rape when he penetrated Mrs. Lyles' vagina to accomplish the first act of intercourse, penetrated her mouth to accomplish the act of sodomy, and thereafter penetrated her vagina to accomplish the second act of intercourse. The legislature intended to punish each separate act of rape or sodomy. The fact that the acts occurred in a brief period of time with the same victim and in a continuum of force does not protect Van Dyke from prosecution and conviction of each separate offense. E. g., *Lee v. State,* Tex.Cr.App., 505 S.W.2d 816, 818 (1974); *Peoples v. Iverson,*

26 Cal.App.3d 598, 601–02, 102 Cal.Rptr. 913, 915–16 (1972); *State v. Hill,* 104 Ariz. 238, 450 P.2d 696, 697–98 (1969). See also *People v. Perez,* 23 Cal.3d 545, 153 Cal.Rptr. 40, 591 P.2d 63 (1979). See generally Note, Criminal Law—Rape—Multiple Offenses Severally Punishable, 44 Tenn.L.Rev. 388 (1977).

■ Van Dyke also contends that the prosecutor was erroneously permitted to argue to the jury, over his objection, that every rape is in and of itself a "physical injury." We agree.

■ "Physical injury" is a term of art. KRS 500.080(13) defines it to mean "substantial physical pain or any impairment of physical condition." The "forcible compulsion" attendant to first-degree rape[1] may or may not result in "physical injury." The question of whether it does in a particular case is answered from the facts proved in that case. "Forcible compulsion" may consist of physical force or threats that do not cause substantial physical pain or an impairment of physical condition. KRS 510.-010(2). The same question arises as to each act of sexual intercourse. The trial court erred when it overruled Van Dyke's objection to this argument.

However, RCr 9.24 admonishes us to disregard errors which do not affect the substantial rights of the accused. The evidence is overwhelming that Mrs. Lyles was punched and thrown about. She suffered a facial bruise and scratches on the thighs. "Physical injury" is as apparent, despite the darkness created by the improper argument, as a statue at night when illuminated by a spotlight. It is beyond a reasonable doubt that the trial court's error did not contribute to Van Dyke's conviction.

The judgment is affirmed.

All concur.

1. Stated as an equation, sexual intercourse plus forcible compulsion equal first-degree rape. KRS 510.040(1)(a). "Physical injury" is not an essential element of rape. Consequently, the

included offense situation condemned in *Sherley v. Commonwealth,* Ky., 558 S.W.2d 615 (1977), is not present here.