**Willard GILBERT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

May 25, 1982.

Jack Emory Farley, Public Advocate, Michael A. Wright, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., Gerald Henry, Robert W. Hensley, Asst. Attys. Gen., Frankfort, for appellee.

### OPINION OF THE COURT

The appellant, Willard Gilbert, was convicted in the Wolfe Circuit Court on two counts of first-degree rape and was sentenced to serve forty years in the penitentiary. The alleged rape victim was the appellant's granddaughter, Valerie Gilbert, who was eleven years old when the alleged rapes were committed. He appeals his conviction directly to this court as a matter of

right pursuant to RCr 12.02 on the grounds that the trial court committed reversible error in allowing the Commonwealth, subsequent to its case in chief and after the defense had rested, to introduce substantive evidence in the guise of rebuttal. The appellant contends that this evidence was improperly admitted and resulted in unfairly prejudicing the jury against him.

At the outset, we must first examine the record to determine the circumstances surrounding the introduction of the disputed evidence and then examine the nature of the evidence itself.

A careful examination of the trial record reveals that after the Commonwealth presented its case in chief and subsequent to the presentation of the appellant's case, the Commonwealth in rebuttal introduced an electronically recorded conversation occurring between the appellant and Sergeant Gary Godby, Chief Polygraph Examiner for the Kentucky State Police, while Mr. Gilbert was in Frankfort to take a polygraph examination administered by Sergeant Godby.

The record indicates that during the course of the polygraph examination, the appellant was interrogated by Sergeant Godby for approximately two hours. The entire conversation prior to, during and subsequent to the polygraph test was recorded, during which time the appellant admitted to having had sexual intercourse with Valerie Gilbert.

The Commonwealth proffered the tape recording to refute appellant's prior testimony on his own behalf to show prior inconsistent statements made by the appellant to Sergeant Godby. Appellant objected to the introduction of any portion of this taped conversation being admitted into evidence, urging that it was mandatory for the Commonwealth to introduce such evidence during its case in chief. The trial court overruled appellant's objection and allowed portions of the recording to be played in open court before the jury.

■ The portions of the approximate two-hour conversation that the jury heard

were indeed prior inconsistent and incriminating statements. The tape played to the jury consisted of questions and answers couched in street language during which the appellant admitted to having had sexual intercourse with Valerie Gilbert. In essence, a confession by the appellant was admitted into evidence at the conclusion of the trial.

The recorded conversation impeaches the appellant's credibility, since it contains prior inconsistent statements made by him. However, these statements go beyond simply negating his credibility; they go to the very substance of the matter by directly showing appellant's culpability.

We find this tape evidence to be clearly substantive in nature, as it tends to prove appellant's innocence or guilt.

The question now remains whether the Commonwealth should be permitted to withhold critical substantive evidence until the conclusion of the trial and then introduce it in the guise of rebuttal evidence.

We turn first to the rules for criminal procedure for guidance. RCr 9.42(e) provides:

> The parties respectively may offer rebutting evidence, unless the court, for good reason in furtherance of justice, permits them to offer evidence in chief.

■ We reiterated in *Collier v. Commonwealth*, Ky., 339 S.W.2d 167 (1960) that we have previously construed this rule to be merely directory. Ordinarily the admission of testimony in rebuttal, which properly should be introduced in chief, is a matter within the sound discretion of the trial court.

However, the trial court does not have unlimited discretion, as we noted in *Archer v. Commonwealth*, Ky., 473 S.W.2d 141 (1971). In *Archer, supra*, we held that it is improper for a trial court to permit evidence to be introduced in rebuttal that could and should have been introduced in chief, it if appears probable that its introduction after the defense has rested will have a prejudicial effect on the defendant's case. Id., at 143.

We further held in *Archer, supra*, that:

*... any out-of-court statement* (or an act such as flight, or attempt to conceal) *that may reasonably be interpreted as* being in the nature of *an admission of guilt is admissible in chief* as affirmative evidence of guilt, *and should not be introduced in rebuttal* under the guise of contradicting or impeaching the defendant in his capacity as a witness. *Id.* at 143 (Emphasis added).

The Commonwealth should not be permitted to take undue advantage of the defendant and withhold important evidence until near the close of the trial, and then introduce it in the guise of rebuttal evidence. *Lucas v. Commonwealth*, 302 Ky. 512, 195 S.W.2d 90, 92 (1946).

In asserting that no prejudicial error occurred, since the trial court admonished the jury that the only purpose of the rebuttal testimony was to contradict the defendant, the Commonwealth relies on *Henson v. Commonwealth*, 139 Ky. 173, 129 S.W. 566 (1910). The *Henson* court held that where rebuttal evidence is introduced for the purposes of contradiction, and the court admonished the jury for its specific purpose, there is no prejudice even when that evidence should have been admitted in chief. *Id.* 129 S.W. at 569. However, in light of the highly prejudicial nature of the tape evidence the trial court's admonition could not remove its effect. The jury had heard his admission of guilt.

Therefore, we hold that the trial court below committed reversible error, resulting in unfair prejudice to the appellant. The judgment of the Wolfe Circuit Court is reversed, with directions to grant appellant a new trial.

All concur except CLAYTON, J., who did not sit.