**Mary LINDER, Appellant,**

v.

**COMMONWEALTH of
Kentucky, Appellee.**

Supreme Court of Kentucky.

June 12, 1986.

JoAnne M. Yanish, Asst. Public Advocate, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., Rickie L. Pearson, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENSON, Justice.

Mary Linder was convicted of theft by unlawful taking over $100, KRS 514.030(a), and being an accomplice to theft by unlawful taking over $100, KRS 502.020(b). She was then convicted as a persistent felony offender and sentenced to two consecutive ten-year terms of imprisonment. We reverse.

 Linder does not challenge the conviction of theft by unlawful taking. She does assert that her conviction as an accomplice violated the United States constitutional guarantee against double jeopardy. The proof introduced by the Commonwealth showed that Linder, in the company of other women, entered a clothing store and proceeded to steal articles of clothing. In addition to the theft, Linder purchased a blouse and engaged in conduct which diverted the attention of store personnel from the other women as they committed thefts.

These activities constituted two separate and distinct offenses. The proof for each offense was completely different, and none of the facts proving one offense was necessary to prove the other. In the one case, Linder took the property; in the other, she aided the others in taking property.

Linder argues that one offense is a lesser-included offense, KRS 505.020. However, we are of the opinion we do not have here multiple punishment for the same offense or a lesser-included offense. We are of the further opinion that here we have entirely different offenses with different facts used for conviction. *Polk v. Commonwealth,* Ky., 679 S.W.2d 231 (1984).

 The next assertion by Linder possesses merit. During the opening state-

ment, the jury was informed that one of the other women had previously entered a guilty plea to the theft charge.

We have stated in *Parido v. Commonwealth*, Ky., 547 S.W.2d 125 (1977), that this is reversible error. No further comment is necessary, save that we are of the opinion the reason for this holding is that the effect of this is to be highly prejudicial to Linder's substantial rights.

Accordingly, the judgment is reversed with directions to grant a new trial.

STEPHENS, C.J., and GANT, LEIBSON, STEPHENSON, WHITE and WINTERSHEIMER, JJ., concur.

VANCE, J., dissents and files a separate dissenting opinion.

VANCE, Justice, dissenting.

I respectfully dissent for the reason that I believe it is impermissible to convict a person as a principal in the commission of a crime and also as an aider and abettor or accomplice of another person in the commission of the same crime.

The facts of this case are that four women conspired to steal merchandize from a clothing store. They travelled to the store in the same car dressed in garments designed to facilitate the concealment of stolen items. Each of them planned to participate in theft from the store. Each of them carried out their plan and did steal or attempt to steal merchandise.

Appellant stole some merchandise herself and also created a diversion designed to assist the women, but in truth the only crime was the theft of merchandise from the store. A theft of several different items from one owner constitutes only one theft. The theft from the store thus was only one theft even though four people participated in it. Each of the participants was guilty as a principal in that theft. In a sense, each of the four, assisted the others in carrying out their plan to steal, but the crime was one theft and four people were convicted for participation in it. I believe they cannot be subjected to punishment a

second time for their participation in that one theft.