**Gorden William SEE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 85–SC–878–MR.**

Supreme Court of Kentucky.

March 3, 1988.

Larry D. Simon, Louisville, for appellant.

David Armstrong, Atty. Gen., Rickie Pearson, Asst. Atty. Gen., Frankfort, for appellee.

### OPINION OF THE COURT

Gorden William See was convicted in Jefferson Circuit Court of two counts of first-degree sodomy committed upon his two sons, and one count each of second-degree rape and second-degree sodomy committed upon his daughter. He was sentenced to life and twenty years' imprisonment on the first-degree sodomy charges, and ten years' imprisonment on the second-degree rape and second-degree sodomy charges. These sentences were ordered to be served consecutively. We affirm in part, reverse in part, and remand.

Appellant's primary contention concerns the in-chambers hearing to determine the competency of his twelve-year-old daughter to testify. Although appellant objected, the trial court specifically excluded him, allowing only the child, the prosecutor, and defense counsel to be present. Appellant maintains that this exclusion was a violation of his rights under Section 11 of the Kentucky Constitution.

The right to confront one's accusers in a criminal trial is a right guaranteed by the 6th Amendment to the United States Constitution and also by Section 11 of the Kentucky Constitution. The United States Constitution grants the accused the right "to be confronted with the witnesses against him." The Kentucky Constitution grants the accused the right "to meet the witnesses face to face." The difference in language is not significant and both amendments are simply designed to require that a defendant in a criminal case is entitled to a confrontation with his accusers.

The specific question here is whether an accused person may be excluded from a hearing to determine the competency of a minor to testify against him. In *Stincer v. Commonwealth*, Ky., 712 S.W.2d 939 (1986), this precise question was decided by this court in the same manner as the appellant now urges upon us. On appeal, the United States Supreme Court reversed this court's decision and held that the exclusion of the accused from the competency hearing did not violate the right of the accused to confront the witnesses against him. *Kentucky v. Stincer*, 482 U.S. ——, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987).

Unless we elect solely as a matter of state law, to interpret the language of Section 11 of the Kentucky Constitution more broadly than the virtually identical language of the 6th Amendment of the United States Constitution has been interpreted by the United States Supreme Court, the decision in *Kentucky v. Stincer, supra,* is controlling.

■ The majority of this court is not convinced that the exclusion of a defendant from a hearing to determine the competency of a witness is so violative of a basic right guaranteed by the Kentucky Constitution that we should place ourselves in direct opposition to an opinion of the United States Supreme Court, even though we

may have the right to do so as a matter of state law.

■ Appellant also contends that the trial court erred in admitting evidence of the paternity test results. Appellant argues that the paternity test used to determine the father of Charlotte See's infant son was without an adequate scientific foundation. Further, appellant maintains that the prejudicial impact of the test results far outweighed any probative value. To prove that her father had indeed had sexual intercourse with her, and was the father of her child, the Commonwealth introduced evidence of the HLA genetic marker test. This indicated that there was a 99.45 percent chance that appellant was the father. Other evidence presented at trial indicated that appellant was the only person who had access to Charlotte during the period she conceived her child. Therefore, considering all the evidence presented, the paternity test was a reliable indicator, and certainly compelling evidence of rape. We find no error in its admission.

Appellant next contends the Commonwealth failed to investigate its case and make timely disclosure of exculpatory evidence, thus depriving him of a fair trial. Appellant argues that since the Commonwealth responded to defendant's discovery request with no information regarding the charges of sodomy against his sons or the sexual encounters of Charlotte with her brothers and cousins until only a few days prior to trial, he was deprived of an opportunity to prepare an effective defense and was unfairly prejudiced thereby. Appellant claimed that the information that Charlotte See had engaged in sexual intercourse was exculpatory, and therefore prejudicial error resulted from its nondisclosure.

■ We disagree. This information regarding Charlotte's other sexual encounters was revealed in plenty of time for appellant to request an HLA genetic marker test for them as well. Moreover, the evidence regarding appellant's acts of sodomy with his sons and the acts he made them perform with Charlotte were hardly exculpatory. The information was not withheld from the defense, and appellant could have requested a continuance if the time for preparation was insufficient. There was no error.

Appellant argues that the Commonwealth was allowed to introduce improper rebuttal evidence, and he was denied the right to receive a copy of the grand jury testimony of his indictment upon request, thus denying him a right to a fair trial. He claims the evidence regarding the date of Charlotte's delivery went to an essential question—when her baby was conceived and thus properly was the subject of the prosecution's case-in-chief, not rebuttal. We disagree. The medical records to which appellant objected had already been introduced in the prosecution's case-in-chief and were certainly no surprise to the defense. Furthermore, in *Gilbert v. Commonwealth*, Ky., 633 S.W.2d 69 (1982), we held that, although a trial judge does not have unlimited discretion to determine whether substantive evidence should be allowed in rebuttal, the restraints placed upon this discretion are designed to protect defendants from prosecutors withholding important evidence until the end of the trial. This was not the case here. In the case at hand, the evidence had already been revealed to the jury and defense counsel. There was no error.

Nor was there error in the fact that appellant received no copy of the grand jury proceedings. The trial judge granted appellant's motion for the grand jury information; however, appellant refused to accept a copy of the grand jury proceedings. Moreover, the trial court offered appellant a thirty-day continuance to review the transcript. The offer was refused. Thus, appellant was not denied his right to a fair trial.

■ Finally, appellant contends that the trial court erred in ordering consecutive sentences. We agree. KRS 532.110(1)(c) provides:

"The aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.-080 for the highest class of crime for which any of the sentences is imposed."

See was sentenced to life imprisonment; thus the other sentences, in accordance

with the statute, must not run consecutively with the life sentence. The Commonwealth concedes error in this request.

The judgments are affirmed in all respects except as to the imposition of sentence, and the case is remanded with direction that the sentences for a term of years shall run consecutively with each other, but concurrently with the life sentence.

GANT, LAMBERT, STEPHENSON, VANCE and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., dissents by separate dissenting opinion in which LEIBSON, J., joins.

STEPHENS, Chief Justice, dissenting.

I respectfully dissent. Although the majority holds that the issue of whether appellant's constitutional rights were violated by his exclusion from the in-chambers hearing to determine his daughter's competence to testify in court, was resolved by the United States Supreme Court in *Kentucky v. Stincer*, 482 U.S. ——, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987), I strongly disagree. The resolution of this case requires an analysis of appellant's rights under the Kentucky constitution, particularly section eleven. The eleventh section of the Bill of Rights of the Kentucky Constitution guarantees the accused in a criminal prosecution the right to be heard by himself and counsel and the right to confront witnesses face to face. "In all criminal prosecutions the accused has the right to be heard by himself and counsel; to demand the nature and cause of the accusation against him; to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor." Ky. Const. § 11. This ensures the defendant's right to cross-examine witnesses at trial.

It is clear that the competency hearing was crucial to the prosecution, and that appellant had the absolute right to be present and represented by counsel. *Powell v. Commonwealth*, Ky., 346 S.W.2d 731 (1961). Appellant voiced his objection to his exclusion from the competency hearing wherein he could have aided his counsel with cross-examination of the prosecuting witnesses. Appellant clearly asserted and was denied his Kentucky Constitutional right to meet the witness face to face.

Section eleven of the Kentucky Constitution differs in one crucial respect from the sixth amendment, its counterpart in the United States Constitution. By state law, a criminal defendant is granted the right, not merely to confront his or her accusers, but to confront them face to face. The drafters of our state constitution did not add the phrase "face to face" to its protections afforded an accused merely to have its meaning erased in an attempt to reconcile an irreconcilable difference.

I recognize the problems and pressures encountered when dealing with child witnesses, and understand a child's reluctance to speak when his or her alleged abuser is nearby. Nevertheless, when a defendant is on trial for a serious criminal offense, and faces a lengthy jail term as a possible penalty, as in all criminal prosecutions, he or she has the right to be present and to assist his counsel at hearings to determine the competence of witnesses against him.

Furthermore, the competency hearings should be held in open court before the jury. It is "the duty of the trial court to carefully examine the witness to ascertain whether she (or he) is sufficiently intelligent to observe, recollect and narrate the facts and has a moral sense of obligation to speak the truth". *Moore v. Commonwealth*, Ky., 384 S.W.2d 498, 500 (1964). This inquiry, however, is important to the jury in evaluating the child's testimony.

If the hearing to determine whether the child is a competent witness is held in open court in the presence of the jury, it will (1) *assist* the jury in evaluating the child's truthfulness and (2) *avoid* the potential for intimidation that results from the intimacy inherent in an in-chambers procedure.

Therefore, I would reverse the convictions for second-degree rape and second-degree sodomy of Charlotte See, and remand.

LEIBSON, J., joins in dissent.