Herbert Richard **GRENKE**, Appellant,

v.

**COMMONWEALTH of
Kentucky**, Appellee.

No. 89–SC–606–MR.

Supreme Court of Kentucky.

Oct. 18, 1990.

Stephen P. Durham, Louisville, for appellant.

Frederic J. Cowan, Atty. Gen., Ann Louise Cheuvront, Asst. Atty. Gen., Criminal Appellate Div., Frankfort, for appellee.

## OPINION

COMBS, Justice.

On July 15, 1988, at a prearranged meeting, appellant Grenke sold a quantity of cocaine to an undercover officer for $1100. About fifteen minutes later, during the same meeting, and evidently following some discussion of how the buyer might "cook" cocaine to produce a solid form known as "crack," and after a walk to a hardware store in a fruitless search for cooking implements, Grenke gave the officer a sample of crack. Grenke was subsequently indicted, on separate counts, for trafficking in cocaine (for the sale) and for transferring cocaine/crack (for the gift), both in violation of KRS 218A.140 and 218A.990. Upon trial by jury, he was convicted on both counts, and was sentenced to ten years imprisonment on each, to run consecutively. He appeals as a matter of right.

The principal issue presented is whether, in the context of double jeopardy, the sale of the cocaine and the subsequent transfer of the crack amounted to a single offense, as opposed to two offenses. Appellant maintains that the described events of his meeting with the officer constituted a single transaction, and that the charge of transferring cocaine merges into the charge of trafficking in cocaine. He asserts that he has been tried twice for the same crime, in violation of constitutional protections against double jeopardy, but offers no elaboration, and cites no authority in support of this contention. We are not generally disposed to develop an appellant's sketch of argument; in any event, the record provides no basis for this argument, and the Commonwealth's position—that the sale of the cocaine and the gift of

the crack were distinct offenses, punishable separately—is sound.

That the events occurred within fifteen minutes of each other and during a continuous meeting between the appellant and the officer does not negate the fact that two separate offenses, their elements established by separate facts, were committed. It was not the *meeting* that was criminal, but rather certain *transactions* which occurred in the course of the meeting. Constitutional prohibitions against multiple jeopardy do not extend to prosecution and punishment of independent crimes committed during a single course of conduct. *Van Dyke v. Commonwealth*, Ky., 581 S.W.2d 563 (1979); *Linder v. Commonwealth*, Ky., 714 S.W.2d 154 (1986). Given the facts of this case, we can only conclude that the appellant committed two distinct criminal acts, and was for each legitimately subject to prosecution, conviction, and punishment.

█ As a second issue appellant maintains that, to ensure due process, KRS 532.-055(2)(a)(1)[1] should be modified by construction to prohibit, during the sentencing hearing, introduction of evidence of prior convictions dating back more than ten years.

The trial court permitted the Commonwealth to introduce the following prior convictions:

1. 1966—Altering and publishing a forged check.

2. 1969—Breaking and entering.

3. 1970—Escape from imprisonment.

4. 1975—Armed robbery.

5. 1979—Theft by unlawful taking of property valued at over $100.

6. 1987—Trafficking in cocaine, trafficking in marijuana, and possession of drug paraphernalia.

7. 1988—Possession of defaced firearm.

The appellant submits that convictions more than ten years in the past are "too remote," that they were "often the result of misguided teenagers or unreasonable acts of young adulthood," and that they were "often obtained without the advice of counsel or without the litigant being adequately advised of his constitutional rights."

But the appellant has not attacked the constitutionality of his past convictions. Moreover, in 1966, he was twenty-eight years old, hardly a teenager. Furthermore, under the circumstances of this case, the distance in time of certain of the prior convictions does not deprive them of relevance. The temporal remoteness of a prior conviction affects its evidential weight (as a defendant may point out in mitigation). Had the 1966 conviction been an isolated incident, it certainly would have had little probative value. Sensitive to this issue, the trial court noted that it would not admit such evidence in vacuo. But the appellant's 1966 conviction was but the first chapter in a continuing history of convictions, and was therefore highly relevant to sentencing. The present case illustrates the disadvantage, rather than the advantage, of a "bright line" rule on the admissibility of evidence of prior convictions under KRS 532.055.

The judgment of the Grayson Circuit Court is affirmed.

All sitting.

All concur.

---

**1.** "(a) Evidence may be offered by the Commonwealth relevant to sentencing including:

(1) Minimum parole eligibility, prior convictions of the defendant, both felony and misdemeanor[.]" KRS 532.055(2)(a)(1).