James Vernon YARNELL, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 90–SC–820–MR.

Supreme Court of Kentucky.

June 25, 1992.

David E. Murrell, Murrell and Murrell, Louisville, for appellant.

Chris Gorman, Atty. Gen., Michael L. Harned, Asst. Atty. Gen., Criminal Appellate Div., Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment based on a jury verdict which convicted Yarnell of 16 counts of various sexual offenses and sentenced him to a term of life imprisonment plus 290 years.

The issues presented are whether there was sufficient evidence as to forcible compulsion; whether the evidence required an instruction on sexual misconduct; whether the defendant was prejudiced by amending Count One of the indictment; whether double jeopardy would be involved in any retrial on the first-degree rape charges; whether the admission of testimony concerning similar acts was proper and whether the life sentence and the sentence to a term of years should be run concurrently.

This case centers around allegations for a period of time of approximately 9 years during which Yarnell and his wife were

married or living together with his two stepchildren who were her natural children. Yarnell and wife married in February of 1982 after living together since November of 1981. At the time of the marriage, the two children, Tanya and Robbie, were aged 12 and 10, respectively. Yarnell and his wife were ultimately divorced in 1989. The daughter, who was doing badly in school, sought counseling. The counselor reported the story of sexual abuse to social services who in turn contacted police. The mother and Yarnell were both arrested and charged with various counts of sexual abuse. The mother pled guilty to first-degree sexual abuse and complicity to second-degree sodomy and was sentenced to a total of five years concurrently.

Yarnell was convicted of 11 counts of first-degree rape, four counts of first-degree sodomy and two counts of complicity to first-degree sexual abuse. He was sentenced to consecutive terms of life and 290 years. This appeal followed his conviction.

Yarnell argues that he was entitled to a directed verdict of acquittal because the prosecution failed to prove the element of forcible compulsion for first-degree rape, first-degree sodomy and first-degree sexual abuse. He claims that no evidence indicated physical force was used against Tanya and Robbie which overcame their earnest resistance and that there was no evidence of any threat of physical force.

■ The standard for appellate review of a denial of a motion for directed verdict based on insufficient evidence is that if under the evidence as a whole, it would not be clearly unreasonable for a jury to find the defendant guilty, he is not entitled to a directed verdict of acquittal. *Commonwealth v. Benham*, Ky., 816 S.W.2d 186 (1991); *Commonwealth v. Sawhill*, Ky., 660 S.W.2d 3 (1983); *Trowel v. Commonwealth*, Ky., 550 S.W.2d 530 (1977). Here under the evidence as a whole, it was clearly reasonable for the jury to find Yarnell guilty. Consequently, he was not entitled to a directed verdict of acquittal. Actual physical force is not needed to prove forcible compulsion. In determining whether the victim submitted because of an implied

threat which placed her in fear, a subjective rather than an objective standard must be applied. *Salsman v. Commonwealth*, Ky.App., 565 S.W.2d 638 (1978); *Van Dyke v. Commonwealth*, Ky., 581 S.W.2d 563 (1979).

The definition of forcible compulsion was discussed in the commentary accompanying the statute in the 1971 final draft. We find it useful in our consideration of this case. It states in part:

> The term also includes a threat, express or implied, that overcomes earnest resistance by placing a person in fear of immediate death or physical injury to himself ... the definition does not require that the victim's fear be "reasonable" ... the phrase "earnest resistance" requires more than token initial resistance but less than showing that the victim was physically incapable of additional struggle against the assailant.

■ The evidence established that Yarnell used forcible compulsion against the two children because they both testified they were afraid of him; that he was always yelling and screaming and every other word was an obscenity. Robbie testified that he tried to stay away from Yarnell and would not come out of his room until the defendant was gone. On several occasions Yarnell hit Tanya, threw her against a wall and ripped her blouse. The two children did not tell their mother of some of the sexual attacks because Yarnell warned them not to tell the mother about things of which she was unaware. Tanya said she believed no way existed to get away from Yarnell and that she thought he was crazy. Tanya testified that she did physically fight back on at least one occasion when she was about 18 years of age. She stated that he tried to pull her into the bedroom, that her arm hit the door and begin to swell and that he threw her on the bed and raped her. Both children testified that Yarnell would punish them by forcing them to perform oral sex with him.

Tanya testified she knew what was happening was not right but that she thought by sacrificing herself her mother could finally attain happiness. She thought her

mother was mentally ill and had been brainwashed by Yarnell. Robbie testified that he allowed the sexual abuse because he feared that the family would lose its financial security, and he did not like to see his mother unhappy. The child was also afraid that his mother would go to jail if he told anyone what was happening and that Yarnell would take it out on his mother.

The evidence indicates that the two children were subject to constant emotional, verbal and physical duress. They lived in continued fear of what Yarnell might do to them or their mother. They testified that they went along with the deviate sexual behavior only because of this fear. Under the evidence as a whole, it was not clearly unreasonable for the jury to find that Yarnell engaged in sexual intercourse with the children by means of forcible compulsion. Accordingly, he was not entitled to a directed verdict of acquittal.

Yarnell contends that the trial judge erred when he refused to instruct on the lesser-included offense of sexual misconduct. Counts Six through Fourteen charge Yarnell with first-degree rape and the jury was instructed accordingly.

■ The evidence did not require an instruction on sexual misconduct. A trial judge must instruct the jury on all lesser-included offenses which are supported by the evidence. *Cannon v. Commonwealth,* Ky., 777 S.W.2d 591 (1989); *McClellan v. Commonwealth,* Ky., 715 S.W.2d 464 (1986). The evidence clearly established that Yarnell used forcible compulsion by means of threats and intimidation to engage in sexual intercourse with Tanya. The fact that the trial judge gave lesser-included instructions on Counts Two through Five and Count Fifteen was based on the age of the victim Tanya at the time of the incident and not on any question as to lack of forcible compulsion. Counts Two through Five charged Yarnell with first-degree sodomy alleged to have occurred in 1982 or 1983. Tanya would have been 12 or 13 years of age at that time. Count Fifteen charged Yarnell with first-degree rape alleged to have occurred in 1986 when Tanya would have been 16 years old. The evidence in this case did not support an instruction on sexual misconduct. Thus the trial judge correctly declined to give such an instruction.

■ Yarnell was not unduly prejudiced by the amendment of Count One of the indictment from first-degree sodomy to first-degree rape to conform to the evidence. The amendment did not amount to reversible error. The bill of particulars in this case gave Yarnell notice that the evidence on which the prosecution would rely did not pertain to sodomy but rather was first-degree rape. Yarnell's defense at trial also indicates no prejudice occurred by the amendment because he simply maintained a complete denial to all the charges against him and in some instances offered an alibi. Whether Count One was a charge of sodomy or rape, the defense of denial would have still been present. There was no reversible error. RCr 9.24; *Howard v. Commonwealth,* Ky., 554 S.W.2d 375 (1977).

Yarnell next claims that if this Court would reverse his first-degree rape charge, retrial on this offense would be barred by double jeopardy. We find no reason to consider this argument because we have affirmed his conviction on first-degree rape.

■ At trial Yarnell objected to testimony by his natural daughter and his niece. His daughter testified that when she was two years old, Yarnell engaged in sexual touching. The niece testified that when she was twelve years old, she was once awakened by Yarnell's sexual touching. Yarnell now argues that this testimony was too remote in time and too dissimilar in nature for the charges for which he was on trial. A careful examination of the entire record indicates that there is strong direct evidence, and considering the entire case, there is no substantial possibility that the result would be any different, and the alleged errors are nonprejudicial. RCr 9.24; *Abernathy v. Commonwealth,* Ky., 439 S.W.2d 949 (1969); *Caudill v. Commonwealth,* Ky., 777 S.W.2d 924 (1989).

It was error for the trial judge to run the life sentence consecutively to the 290 year sentence. *See v. Commonwealth*, Ky., 746 S.W.2d 401 (1988) held pursuant to K.R.S. 532.110(1)(c) that a term-of-years sentence could not run consecutively with a life sentence. Therefore sentences for terms of years may run consecutively with each other but must run concurrently with a life sentence. Consequently, the case is remanded to the trial court for the imposition of the appropriate sentence.

The judgment of conviction is affirmed, but this matter is remanded for resentencing.

STEPHENS, C.J., and COMBS, LAMBERT, REYNOLDS, SPAIN and WINTERSHEIMER, JJ., concur.

LEIBSON, J., dissents by separate opinion.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

The appellant's first claim of error, and principal complaint, has been that the Commonwealth failed to establish the necessary element of forcible compulsion with respect to the charges of first-degree rape and first-degree sodomy made against him. The premise for this complaint is that no physical force nor threat of physical injury was used to accomplish the acts charged in the indictment. At the time the alleged offenses occurred in 1986, and earlier, KRS 510.010(2) defined "Forcible compulsion" as meaning:

> "[P]hysical force that overcomes earnest resistance or a threat, express or implied, that overcomes earnest resistance by placing a person in fear of immediate death or physical injury to himself or another person or in fear that he or another person will be immediately kidnapped."

The words "that overcomes earnest resistance" were deleted when the statute was amended in 1990, but they apply here.

With some reservations, I concur in the Majority Opinion that there was enough evidence from which to infer forcible compulsion to submit these charges to the jury.

But certainly there was also ample evidence from which to conclude that the victim's participation, while against her wishes, was not compelled.

My concern in this Opinion dissenting in part is with failure to submit to the jury, as requested, instructions on Sexual Misconduct, KRS 510.140, as lesser included offenses to the charges of committing forcible rape on Tanya on nine occasions, covering acts of sexual intercourse with the victim when she was sixteen years of age. These are Counts Six through Fourteen, for each of which the appellant was convicted of first-degree rape.

The appellant contends that this victim's own testimony went no further than stating "the force was not physical but emotional." And, indeed she testified, "he didn't threaten anything physical, it was emotional, he made us feel like dirt." The description of the facts in the Majority Opinion, while properly giving the Commonwealth the benefit of every reasonable inference, falls far short of overwhelming proof that physical force, or the threat of physical force of a nature to overcome earnest resistance, accompanied the commission of the acts.

The Majority Opinion states emphatically, in two different places, that "the evidence did not require an instruction on sexual misconduct." But it provides no explanation why this is so except to state, in backhanded fashion while dealing with the "fact that the trial judge gave lesser-included instructions on Counts Two through Five and Count Fifteen," that this was done "based on the age of the victim Tanya at the time of the incident and not on any question as to lack of forcible compulsion." It is not the age of the victim but the evidence pointing to a lack of forcible compulsion that is the issue here.

The statute describing the offense of "Sexual Misconduct," KRS 510.140, states no age limitations. It simply states:

> "A person is guilty of sexual misconduct when he engages in sexual intercourse or deviate sexual intercourse with another person without the latter's consent."

The obvious difference between this offense, as stated, and Sodomy I or Rape I is that it does not require physical force or threats accompanying the acts sufficient to overcome earnest resistance, only a lack of consent. While it may be so that the jury here could infer from the evidence that the victim here submitted from a threat of physical force so overwhelming as to overcome earnest resistance and sustain conviction for rape, I respectfully suggest that conviction for the lesser offense would also be reasonable based on evidence that, while there was a lack of consent, the act of submission was motivated by general circumstances of emotional and verbal abuse, rather than by physical force or threat of physical force accompanying the act.

In any event, the explanation given in the Majority Opinion for concluding it was proper to give "lesser-included instructions on Counts Two through Five and Count Fifteen ... based on the age of the victim," but also proper to refuse giving such an instruction on Counts Six through Fourteen, is either inconsistent or incoherent, depending on how one looks at it. In either event, it should not suffice.