Gerald Bruce McKINNON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 93–CA–1149–MR.

Court of Appeals of Kentucky.

Feb. 17, 1995.

**616**

C. Shane Neal, Fayette County Legal Aid, Lexington, for appellant.

Chris Gorman, Atty. Gen., Elizabeth A. Myerscough, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, JOHNSTONE and McDONALD, JJ.

JOHNSTONE, Judge.

Gerald Bruce McKinnon appeals from a jury verdict in the Fayette Circuit Court which found him guilty of assault in the second degree. McKinnon was sentenced to nine years in the state penitentiary. The sole issue presented by this appeal is whether the trial court erred during the penalty phase by allowing the Commonwealth to introduce evidence of a fourteen-year-old prior conviction. We affirm.

McKinnon does not dispute that he fired the shot that injured Sean Thomas on June 3, 1993. There is considerable dispute concerning the events that preceded the shooting; however, those events are not germane to the question before us. McKinnon argues that the trial court committed reversible error by allowing evidence of a 1979 Ohio felony conviction for carrying a concealed weapon. He relies heavily on *Grenke v. Commonwealth*, Ky., 796 S.W.2d 858 (1990), for the proposition that the fourteen-year-old conviction was too remote to be relevant. In *Grenke*, our Supreme Court upheld the introduction of a conviction more than twenty years old, but stated:

> But the appellant's 1966 conviction was but the first chapter in a continuing history of convictions, and was therefore highly relevant to sentencing.

*Grenke*, 796 S.W.2d at 859.

McKinnon argues that, from the evidence in the record, his prior conviction "could have

been an isolated incident and therefore should have had very little probative value."

The Commonwealth, also citing *Grenke*, counters that the remoteness of prior convictions is not relevant to the issue of admissibility, but is only a factor that the jury may consider when determining what weight should be given to such evidence. The Commonwealth quotes the following *Grenke* language:

> The temporal remoteness of a prior conviction affects its evidential weight (as a defendant may point out in mitigation).

*Grenke*, 796 S.W.2d at 859.

Our legislature enacted the "truth-in-sentencing law" to ensure that trial juries were informed more fully about the defendant before them. KRS 532.055(2) provides specifically that the Commonwealth may offer evidence of the "prior convictions of the defendant, both felony and misdemeanors." No time limits are imposed on the introduction of prior convictions during sentencing, in contrast to KRE 609 which deals with the introduction of prior convictions offered for the purpose of impeachment during the guilt phase.

Trial judges are vested with reasonable discretion in determining whether to admit evidence of prior convictions during the sentencing phase. *Grenke* makes it clear that there is no "bright line" rule to be applied by the trial court during this balancing test. Having reviewed the arguments and evidence before us, we are unable to conclude that the trial judge's ruling was clearly erroneous or that he abused his discretion in this instance.

The judgment of the Fayette Circuit Court is affirmed.

All concur.