RENDERED: JULY 14, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0536-MR

JIMMY HALL                                                                    APPELLANT

v.
APPEAL FROM BUTLER CIRCUIT COURT
HONORABLE PHILLIP PATTON, JUDGE
ACTION NO. 14-CR-00059

COMMONWEALTH OF KENTUCKY                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND LAMBERT, JUDGES.

CALDWELL, JUDGE: Jimmy Hall (Hall) filed a motion pursuant to RCr[1] 11.42

seeking a new trial due to allegations of ineffective assistance of trial counsel. The

trial court denied relief, and he appeals. We affirm.

---

[1] Kentucky Rules of Criminal Procedure.

# FACTS

In 2014, Hall engaged in sexual intercourse and sodomy with a young girl who was only twelve (12) years old. The two had met on a telephone chat line and Hall had told the young girl that he was just a few years older than she, but he was actually fifty-six (56) years old. After the encounter, which took place in a hotel room, the young girl told her mother what had occurred, and her mother contacted the police.

While officers were at the young girl's home responding to her mother's call, Hall began calling and texting her. Police were able to determine his location via the cell signal and Hall was arrested. During an interrogation, Hall admitted to having sex with the girl and acknowledged she had just turned thirteen (13) years old.

He was tried on charges of use of electronic communications system to procure a minor to sexual activity, two counts of unlawful transaction with a minor, and being a persistent felony offender in the first degree. The jury found him guilty of all charges and he was sentenced to life imprisonment.[2]

---

[2] The trial court improperly ordered Hall's two life sentences and a twenty-year sentence to all run consecutively. On direct appeal, the Kentucky Supreme Court reversed the sentence and remanded the matter for entry of a corrected judgment imposing a life sentence.

> It is well established that life sentences may not be ordered to run consecutively. *Bedell v. Commonwealth*, 870 S.W.2d 779, 783 (Ky. 199[3], *as modified on denial of reh'g* (Jan. 31, 1994)]. Nor, when imposed as a result of the same trial, may a sentence for a term of years

Following a direct appeal wherein his conviction was affirmed, Hall filed a motion pursuant to RCr 11.42 seeking relief for ineffective assistance of trial counsel. In the memorandum filed in support of the motion, counsel for Hall argued trial counsel had been ineffective for failing to object to the testimony of a hotel housekeeper. The housekeeper testified she threw away a blood-stained bedsheet after cleaning the room in which the two had stayed. Further, it was alleged that trial counsel had been ineffective by failing to present any mitigating evidence concerning a history of abuse suffered by Hall and possible mental illness during the penalty phase of his trial.

The trial court denied relief, without holding an evidentiary hearing, finding that the record conclusively established Hall was not entitled to any relief. The court referred to the opinion of the Kentucky Supreme Court, which pointed out that the testimony of the housekeeper was brief, and the evidence of guilt was overwhelming. As to the failure to present any evidence in mitigation, the court

---

run consecutively with a life sentence. *See v. Commonwealth*, 746 S.W.2d 401, 403-04 (Ky. 1988). While the trial court erred in ordering Hall's sentences to run consecutively, the relief requested by Hall of a new sentencing hearing is inappropriate. Rather, the appropriate remedy is the remand of this case to the trial court for entry of a corrected judgment clarifying that Hall's sentences are to run concurrently with each other.

*Hall v. Commonwealth*, No. 2015-SC-000714-MR, 2018 WL 898651, at \*6 (Ky. Feb. 15, 2018).

held that the vague allegations that the outcome may have been different if counsel had called witnesses in mitigation were insufficient for a finding of ineffectiveness.

## STANDARD OF REVIEW

We review the factual findings of the trial court for clear error. The conclusions of law drawn therefrom are reviewed *de novo*. *Ford v. Commonwealth*, 628 S.W.3d 147, 156 (Ky. 2021). On appeal, allegations of ineffective assistance of counsel are reviewed in a two-part test. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). This test was adopted by the Kentucky Supreme Court in *Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985).

The first prong requires the appellant to show that the performance by counsel was objectively deficient. The second prong requires a showing that that deficient performance resulted in actual prejudice such that there exists a strong probability that the outcome of the matter would have been more favorable to the appellant without the instance of ineffectiveness. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

## ANALYSIS

Whether an RCr 11.42 movant is entitled to an evidentiary hearing regarding his claim of ineffectiveness is determined under a two-part test. First, the movant must show that the "alleged error is such that the movant is entitled to

relief under the rule." *Hodge v. Commonwealth*, 68 S.W.3d 338, 342 (Ky. 2001). So, the trial court must assume that the factual allegations in the motion are true, and only after such determination may turn to the question of whether there "has been a violation of a constitutional right, a lack of jurisdiction, or such a violation of a statute as to make the judgment void and therefore subject to collateral attack." *Lay v. Commonwealth*, 506 S.W.2d 507, 508 (Ky. 1974)). If that determination is answered in the affirmative, then an evidentiary hearing is only required when the motion raises "an issue of fact that cannot be determined on the face of the record." *Stanford v. Commonwealth*, 854 S.W.2d 742, 743-44 (Ky. 1993).

The trial court determined that the allegations made by Hall could be refuted by the record. We do not disagree as the allegations were refuted by review of the record alone.

Next, we address Hall's allegation that trial counsel was ineffective for failing to present evidence in mitigation during the sentencing phase. The trial court found that the allegation of ineffectiveness was not made with sufficient specificity in the motion. We agree with the trial court.

The motion filed in the trial court simply alleged that counsel failed to make reasonable investigations into mitigation evidence that could be presented to the sentencing jury. There is an acknowledgement that trial counsel's investigator

conducted investigations into the charges Hall faced but alleges that the investigator was never tasked with searching for any evidence in mitigation.

However, even if we were to find that counsel's performance fell below the range of reasonable performance, and we are not, we cannot say that there was any prejudice realized from the lack of mitigation evidence presented. Hall had a significant criminal history and was found to be a persistent felony offender in the first degree. With that finding, the range of sentence was twenty years to fifty years, or life. The jury recommended a life sentence, which was imposed by the trial court. Given the seriousness of the allegations, it is mere speculation that but for the failure to offer mitigation evidence, the sentence recommended would have been less than life.

Further, the only specifics Hall points to are his troubled childhood of being raised by an abusive and alcoholic father and his difficulties while in jail awaiting trial. However, the psychologist who evaluated him for competency and criminal responsibility prior to the trial found that he was feigning deficits and psychological symptoms and that he was malingering. Further, Hall offers no specificity as to witnesses or testimony which could have been presented at the sentencing which might have been mitigating. As the Commonwealth points out, it could have been counsel's reasoned choice not to present this mitigation

evidence as such would have invited rebuttal evidence which counsel thought would not be in Hall's best interest.

Even if we could find that counsel's performance was deficient, which we cannot, we could not disagree with the trial court's conclusion that Hall was not prejudiced. The evidence of his guilt of a heinous crime was overwhelming. The victim's testimony certainly supported the life sentence Hall received. When his prior crimes in other jurisdictions are considered – personal crimes including kidnapping, abduction, assault, and battery – they further support the sentence received. No prejudice can be assumed.

Hall's last allegation of error involves counsel's failure to object to the testimony of the housekeeper employed at the hotel where the sexual assault took place and her testimony that she threw away blood-stained sheets she took from the room. We agree that an objection should have been made to the description of the sheet as it was not in evidence and there was no way of proving that the blood found on the sheets had any connection to the sexual assault allegation. However, we cannot find that but for the short testimony of the housekeeper, Hall would have been acquitted. The testimony of the victim, coupled with Hall's confession during his interrogation, was more than sufficient evidence upon which to find guilt.

**CONCLUSION**

We agree with the trial court's order that Hall was not entitled to relief pursuant to RCr 11.42. He was not prejudiced by the performance of counsel such that it can be held, but for any deficient performance of counsel, he would have been found not guilty or sentenced to a lesser sentence. The trial court's order is affirmed.

ALL CONCUR.


BRIEF FOR APPELLANT:

Elias Kang-Bartlett
Jacquelyn Bryant-Hayes
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christina L. Romano
Assistant Attorney General
Frankfort, Kentucky