RENDERED:  JUNE 21, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0858-MR

GARY FIRKINS                                                      APPELLANT


v.
APPEAL FROM ADAIR CIRCUIT COURT
HONORABLE DAN KELLY, SPECIAL JUDGE
ACTION NO. 20-CR-00060


COMMONWEALTH OF KENTUCKY                                          APPELLEE


OPINION AND ORDER
DISMISSING APPEAL

** ** ** ** **

BEFORE:  ACREE, EASTON, AND McNEILL, JUDGES.

EASTON, JUDGE:  The Appellant ("Firkins") committed six counts of First-

Degree Sexual Abuse; five counts for masturbating his teenage stepson, and one

count for doing the same to his stepson's teenage relative.  Firkins confessed and

pled guilty.  He received a three-and-one-half year sentence concurrent for each of

the five counts against his stepson and a consecutive three-and-one-half year

sentence for the other child for a total of seven years. Firkins filed a CR[1] 60.02 motion claiming his convictions violate Double Jeopardy[2] because his actions were part of "the same pattern of offense." The circuit court denied the motion.

We dismiss the appeal due to Firkin's almost total failure to comply with briefing requirements. We note also that the appeal had no substantive merit.

Firkin's overdue brief is not close to substantial compliance with RAP[3] 32(A)(2), (3), or (4). While some leniency may be shown for *pro se* briefs filed by incarcerated defendants, pro se parties are still subject to the rules and the consequences of non-compliance. *See Koester v. Koester*, 569 S.W.3d 412, 415 (Ky. App. 2019). In this case, we apply RAP 10 (B)(3) and (5) to strike Firkin's brief and dismiss his appeal.

Mindful of a healthy hesitance to avoid consideration of appeals on their merits, we note Firkin's appeal had no merit. First, his arguments did not follow in the established order of direct appeal, RCr[4] 11.42 motion,[5] and then CR

---

[1] Kentucky Rules of Civil Procedure.

[2] The CR 60.02 motion also claimed Firkins was acting under an extreme emotional disturbance at the time of his crimes, but that contention is not mentioned in his appeal.

[3] Kentucky Rules of Appellate Procedure.

[4] Kentucky Rules of Criminal Procedure.

[5] Firkin complains about his attorney's failure to advise him against the plea on Double Jeopardy grounds, but the motion is under CR 60.02, not RCr 11.42.

60.02. *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). Whenever it might properly have been raised, Firkin's Double Jeopardy argument fails. On October 13, 2020, Firkins pled guilty one at a time to six separate counts, involving two victims. For Counts 2 through 5, the Indictment identifies the incidents as occurring "on at least four (4) separate occasions" between September of 2019 and May of 2020 with Counts 1 and 6 specifying a date at the beginning and end of the referenced time frame. If a person has an opportunity, even on the same day, to form a separate intent to commit sexual abuse, there is no Double Jeopardy violation for multiple convictions. *See Van Dyke v. Commonwealth*, 581 S.W.2d 563, 564 (Ky. 1979). The circuit court would not have abused its discretion in denying Firkin's CR 60.02 motion. Appeal DISMISSED.

ALL CONCUR.

ENTERED: _June 21, 2024___

JUDGE, COURT OF APPEALS

BRIEF FOR APPELLANT:

Gary Firkins, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Thomas A. Van De Rostyne
Assistant Attorney General
Frankfort, Kentucky